No. 24.—THE MAYOR AND COUNCIL OF THE CITY OF MACON, plaintiffs in error, *vs.* HARVEY W. SHAW, defendant.

[1.] A writ of error does not lie to this Court, on the order of the Judge, allowing a *certiorari;* but when the Mayor and Council of the City of Macon, upon charges made against the Marshal, had removed him from office, and ordered a new election; and upon granting a *certiorari*, the Judge passed a farther order, re-instating the Marshal, and restraining the Council from proceeding with the election: *Held*, that upon that order, writ of error lies.

[2.] *Held*, that the allowance and return of a writ of *certiorari* is a *supersedeas* to any *further* proceedings on the record below; but do not operate as a reversal of a judgment executed, or supercede one in process of execution; and that a special order of the Judge, when he grants the *certiorari*, cannot enlarge its powers.

[3.] *Held*, that the order of the Judge, reinstating the Marshal and restraining the Mayor and Council from proceeding with the election, as above, was erroneous.

*Certiorari*, from Bibb. Decided by Judge POWERS, in vacation, June 7, 1853.

The defendant in error, Harvey W. Shaw, having been elected by the legal voters of the city of Macon, to the office of Marshal of said City; and having entered on said office, and the term for which he was elected not having expired, was summoned before the Mayor and Council, and charged with mal-practice in office, and neglect of official duty, in this, that he had been guilty of the offence of gaming on the Sabbath day, within the corporate limits of the city. The Mayor and Council, after hearing evidence and argument, passed an order that the said Shaw be removed from office; and that a new election be held to fill the vacancy. The Marshal, thereupon, presented to Judge Powers a petition for an injunction and *certiorari;* and the Judge, on hearing the same, granted a *certiorari* to the Mayor and Council, directing that their proceedings in said cause be sent up to the Superior Court of Bibb county to be reviewed; and ordered that, in the meantime, the said Harvey W. Shaw be restored to the office of Marshal, and

that the Mayor and Council be restrained from holding a new election.

To which decision and order of the Judge, the Mayor and Council excepted.

POE, NISBET & POE, for plaintiffs in error.

MILLER & HALL, LANIER & ANDERSON, HALL & CAREY, STUBBS & HILL, for defendant.

*By the Court.*—NISBET, J., delivering the opinion.

[1.] The defendant joins issue with a protest against the right of the plaintiff to be heard, on the ground that a writ of error does not lie to an order of the Judge of the Superior Court, granting a *certiorari.* This question came before this Court, in *Van Ness vs. Cheeseborough, Stearns & Co.,* in the precise form that it assumes here; and the writ of error was dismissed. The mere granting the *certiorari,* decides nothing, but that the record shall be sent up. A writ of error, on the *allowance* of the writ, is premature. It may be, that when the grounds of error, set forth in the petition for *certiorari* are heard, (and they cannot be heard until the record is sent up,) the present plaintiff in error will have no cause of complaint.— As yet, nothing is determined against him—as yet, no judgment, final as to the cause, or final as to the immediate subject-matter, has been pronounced. The protest, therefore, so far as regards that part of the Judge's order, which sanctions the *certiorari* is sustained; and the writ of error, as to that subject-matter is dismissed. (*Carter & Wife vs. Buchanan,* 2 *Kelly,* 338. *Jones et al. vs. Dougherty,* 11 *Geo. R.* 305. *Van Ness vs. Cheeseborough, Stearns & Co.,* 11 *Ga. R.* 377.)

The order of the Judge was not limited, however, to a sanction of the *certiorari,* in the usual form. It was brought to review the proceedings of the Mayor and Council of the City of Macon, upon charges of mal-practice in office, and neglect of duty, brought against the Marshal of the City of Macon,

the plaintiff in error.   Upon the hearing of those charges, that body found him guilty, and ordered that he be removed from office ; and that an election be held on a day designated, for a Marshal of the city.   When the *certiorari* was presented to Judge *Powers*, he passed an order that their proceedings be sent up for review ; and that, in the meantime, Shaw, the Marshal, be restored to office ; and the Mayor and Council be restrained from holding a new election.   The protest is not sustained as to the latter part of this order, re-instating the officer, and superceding the order of the Mayor and Council, for a new election.   For we are satisfied that it does not fall within the principle upon which the protest is sustained, as to the former part of the order.   It is a decision final as to the subject-matter—it is immediately operative in the revocation of the decision of the Mayor and Council.   It is not a *final* judgment in the cause, it is true, as to the tenure of the office ; but it is final as to the immediate effect which it works upon the judgment of the Court below.   As to *that*, this writ of error is properly before us, and we are to determine whether the Judge erred in his action or not.   Council for the defendants in error, denies the jurisdiction of the Superior Court over the Mayor and Council of the City of Macon, by writ of *certiorari*.   He insists that the plaintiff in error has mistaken his remedy.— This is a question of some difficulty—one upon which we are not fully satisfied ; and we leave it, therefore, open for decision, when, if error, the cause reaches us on its general merits.

[2.] The order in question was erroneous.   It is not questioned but that the allowance of a *certiorari*, operates as a *supersedeas to farther* proceedings on the record, which it brings up for review.   And all proceeding on the record, after it is allowed and returned to the Court below, are illegal.   This is the C. Law rule, and so far as regards *certiorari's* to Justices of the Peace, it is made the rule by Statute in Georgia.   (*Cobb's N. D.* 520.   *Bacon's Ab. title, certiorari.*)

But the granting of a *certiorari* does not revoke a judgment executed or in process of execution.   The effect of the writ, when allowed, is to stay all *farther* action on the record ; and

its power cannot be extended by a special order of the Judge of the Superior Court. The record of a judgment consummated, is subject to review; yet, the judgment stands, until in due course reversed; and if reversed, the party is admitted to such rights as the Law gives him.

[3.] The remedy by *certiorari* is a legal remedy. The Judge in the exercise of the power to grant it, may not assume the functions of a Chancellor. Hence, it is settled at C. Law, that if a *certiorari* is not delivered until after a Sheriff has begun the enforcement of a process of execution, he may proceed.— The C. Law writ of error does not supercede an execution, if allowed after a Sheriff has levied. It would seem that in such case, a writ of *venditioni exponas* would be necessary to enable him to proceed; that being so, the principle is not altered. For the right to grant the writ of *venditioni exponas* yields the point, that the *certiorari*, or the writ of error, does not operate as a *supersedeas*. (*Bacon's Ab. title Certiorari. Meriton vs. Stephens, Willes R*: 271. *Cro. Eliz.* 597. 2 *LaRaymond*, 989.) The same doctrine is settled in New York.— (*Blanchard vs. Myers*, 9 *Johns. R.* 66. *Patchin vs. Mayor*, &c., of *Brookline*, 13 *Wend.* 664. *Kinnie vs. Whitford*, 17 *Johns. R.* 34.) These cases are said to be overruled. (*See The People vs. The New York Com. Pleas*, 1 *Wend.* 81, and note by the reporter.) But are affirmed in *Payfer vs. Bissel*, 3 *Hill N. Y. R.* 239; and they do not go alone upon any Statutes of New York, but are really decided on the authority of cases determined at Common Law. See farther, *Kingland vs. Gould*, 1 *Halst.* 161. *Mairs vs Sparks*, 2 *South.* 513. *Case vs. Shepherd*, 2 *Johns. Cas.* 27. *Gardiner vs. Mundy*, 4 *Yeates*, 560.

Let the judgment be reversed.