## McElroy *vs*. The City Council of Albany.

A municipal corporation is not liable for the torts of its police officers; especially is this the case when the tort was not done in connection with his official duties.

Municipal corporations. Torts. Damages. Principal and agent. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1880.

McElroy sued the City Council of Albany, alleging in brief as follows:

On the third day of August, 1878, while peaceably and quietly walking along one of the public streets of the city of Albany, about eleven o'clock at night, he was seized by a watchman (a servant in the employment of said city, authorized by said city to arrest persons), when in the discharge of his duties as night-watch, and violently thrown down on the sidewalk, having his leg fractured and broken. At the time this was done said *quasi* policeman or night-watchman was drunk. By said injury so received plaintiff was damaged three thousand dollars. Said City Council was at the time informed of the drunkenness of said night-watch, and the injuries received by plaintiff, and sanctioned and approved of his conduct by retaining him in office and in its employment until the expiration of his term of office or employment. The injury accrued from said City Council having employed a drunken, disorderly, indiscreet night-watch, and continuing him in its employment after it was apprised of his character.

On demurrer, the case was dismissed, and plaintiff excepted.

H. Morgan; L. Arnheim, for plaintiff in error.

Wooten & Jones, for defendant.

Jackson, Chief Justice.

This was a demurrer to the plaintiff's declaration; the demurrer was sustained and the suit dismissed, and error is assigned thereon.

The substance of the allegation in the declaration is that a city watchman, *quasi* a policeman, wilfully and maliciously, while drunk, threw the plaintiff down and broke his leg; and the question is, can the plaintiff recover from the city in such a case?

McElroy *vs.* The City Council of Albany.

Without going into the question so elaborately and ably argued by counsel for the plaintiff in error, as respects the liability of municipal corporations for the misconduct of their own agents and servants for mere local duties and not created by statute, as contra-distinguished from those created by statute and agents of the state as well as servants of the corporations, it is enough to say that so far as policemen are concerned, the point is settled that the corporation is not liable, in 54 *Ga.*, 468, *Cook vs. City of Macon*, though the policeman was there engaged in making an arrest, and therefore was within the scope of his agency. In the case at bar, the watchman was clothed with police powers and is called a *quasi* policeman in the declaration, and the principle ruled in 54 *Ga.* will cover his conduct on this point—the police of Macon being as much servants and agents of that corporation, for local purposes, as this watchman was for Albany in the case at bar. And here this case might rest.

But this watchman was in no sense engaged as the agent of the city of Albany in this transaction. He was not attempting to make an arrest when he threw the plaintiff down and did him the serious injury, nor was he in the act of trying to do any duty for the city; but he was acting as an independent man, as principal, and not as agent for anybody. In such a case the doctrine of *respondeat superior* does not apply, because there was no superior or principal or master in the matter. Dillon Mun. Corp., 772, and cases cited.

Judgment affirmed.