## SAPP *vs.* ADAMS, superintendent.

1. There being no judgment in the record, and it appearing from the bill of exceptions that such a judgment had been rendered, the decision in this case was delayed, and the clerk was required to certify and send up a copy thereof, under the act of 1877.
2. The judge of the superior court should not render a judgment finally disposing of a case before him on a *certiorari*, where issues of fact are involved, but should remand the case for a new trial.

Practice in the Supreme Court.   Practice in the Superior Court.   *Certiorari.*   Before Judge MERSHON.   Dodge Superior Court.   May Term, 1880.

Sapp brought suit against Adams, superintendent of the Macon & Brunswick Railroad, in a justice court, for damages to a horse, resulting from failure to keep a crossing in proper repair.   The case involved disputed questions of fact.   The justice rendered judgment for the plaintiff for $50.00 and costs.   Defendant sued out a *certiorari.*   The judge rendered a judgment reversing the decision of the justice and finally disposing of the case. Plaintiff excepted.

L. A. HALL; J. F. DELACY, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

No final judgment of any sort was in the transcript of the record, and the writ of error would have been dismissed but for the act of 1877 which required this court, as we construe that act, to direct the clerk of the superior court to certify and send it up if of record below.   It was accordingly transmitted and certified by the clerk to have been of record, and we now proceed to determine the cause on its merits.

The sole point made by the bill of exceptions and assigned as error, is that the court made a final disposition

of the *certiorari*, instead of sending it back to be again tried in the justice court. The superior court may finally dispose of the cause from a justice court brought before it by *certiorari* only when the questions made are pure issues of law and no disputed facts are involved. Code, §4067; 55 *Ga.*, 315. On examining this record, we find that the facts were much disputed in respect to the bridge over the railway, whether it had been repaired or not by the company, and when, and in respect to the crossing, whether it had been established by law as a private way by use for more than seven years. The liability of the railroad company turned on these matters of fact, it would seem from §4067 of the Code, and also the amount of plaintiff's damages depended on whether or not the defendant and plaintiff were both negligent, the one in not repairing the bridge and the other in crossing over it, when a good bridge over a public road was not very far out of his way, thus involving the doctrine of contributory negligence. These were issues of fact, which the court was not empowered finally to dispose of, and the final judgment must therefore be reversed.

Judgment reversed.