## HEALEY *vs.* DEAN *et al.*

1. On an application to the commissioners of the port of Darien for a license to be issued to the applicant as a pilot, pilots already licensed could not be made parties to the proceeding, oppose the grant of a license and carry the judgment granting it to the superior court by *certiorari*, as if it were a judgment of a court in a case in which they were interested. The commissioners should not hear them otherwise than as witnesses in respect to the competency of the applicant or committees to examine him.

2. Where the applicant for a license to act as pilot has served two full years in a decked boat, there is no necessity for the mayor or chief officer of the port to determine that an emergency exists before a license can be issued to him. Code, §1535.

(*a.*) The commissioners are vested with full power and ample discretion as to granting licenses to pilots, and if it were necessary to the validity of their judgment to have had the testimony of the mayor or chief officer as to the existence of an emergency, jurisdictional facts appearing, the presence of proper testimony will be presumed.

3. Even if the commissioners had been such an inferior tribunal as that this *certiorari* could have been sued out, the case being one which turned on facts, it should have been remanded for a new trial, and not finally adjudicated in the superior court.

Courts. License. Pilots. Darien. *Certiorari.* Practice in Superior Court. Before Judge FLEMING. McIntosh Superior Court. May Term, 1881.

Reported in the decision.

LESTER & RAVENEL; W. R. GIGNILLIAT, for plaintiff in error.

GARRARD, MELDRIM & FRASER, for defendants.

JACKSON, Chief Justice.

The plaintiff in error made application to the commissioners of pilotage of the port of Darien for license to serve in the capacity of a pilot. The license was resisted by other pilots of the port, but after a thorough investigation of the case, it was granted to the applicant. Thereupon the objecting pilots applied to the judge of the superior court of the Eastern circuit for a writ of *certiorari*, which was issued, and on the trial of the *certiorari* the judgment, if judgment it can be called in legal parlance, was reversed, and the license revoked by the superior court. This judgment was excepted to, and error is here assigned that it is contrary to law.

1. Did the other pilots have any legal right to intervene and be made parties and carry the case to the superior court by writ of *certiorari*? We doubt it very seriously. The statutes on the subject, codified from sections 1504 to 1542 of the Code inclusive, gives them no such right, and we know of no other statute or law which authorizes their interposition. The case illustrates the impropriety of giving them that right. Three of their number were appointed to examine this applicant, to test his qualifications, and two of the three were parties to the case, if it were a case judicially speaking, and, as might be expected, reported on their side and against the applicant, without assigning any reason therefor, whilst the other, not a party at all, reported that he was fully competent, with facts drawn from his examination on which to base the report he made.

In the absence of any express law giving these people the right to subject every man who applies to engage in the same business with themselves to the costs of a lawsuit, and thus to deter applicants, when the commerce of the port stood in need of more pilots, from making application as well by law-suit as by the hostility of the *esprit du corps*, we do not think that public policy would author-

ize the courts to stretch any analogy so as to embrace, as legal parties, men of any class who are licensed to do business of any sort against a new applicant for license therein. For this reason we think that the commissioners made a mistake in hearing their objection as parties in a case at law, or in any other character than as witnesses to testify in respect to qualifications, or committees to examine the applicant, and that the judge, in sanctioning that mistake by recognizing them as parties and sanctioning a *certiorari* at their instance, also made a mistake. As well might physicians, dentists, pedlars, liquor sellers, and lawyers, be allowed to make themselves parties, and contest before the license-granting board or official a matter in the discretion of these authorities, and then sue out the writ of *certiorari* and have the license revoked by the superior court. The question is not whether these several officials are not judicatories in some respects, and as to certain matters, but can others whom they have licensed, make a law-suit out of every grant of license by them, and test it in all the courts? We hardly think so. If at this threshold these objectors were mere intruders, certainly the court was wrong in revoking a license at their instance.

2. But the court rested its judgment on the ground that no emergency had been adjudged by the mayor or the chief officer of the port under section 1535 of the Code. Suppose the construction put on that section by the learned and venerable judge be correct, and that the emergency must be passed upon by the mayor or other chief officer when one not fully qualified applies for license, yet that law would not apply when one qualified by two year's service in a decked boat made the application. See section 1535 of the Code. When examined this applicant answered a direct question to that point, and affirmed that he had served on such a boat, and more than the time required ; and that fact was before the commissioners and undisputed, so far as we can ascertain from the record and bill of exceptions, and if disputed, it was for

them (the commissioners) to pass upon that contested issue of fact. There is no limit to the number of pilots who are thus qualified, except in the discretion of the commissioners—see sections above cited—and the necessity of any body's passing on the issue of emergency, and the number then to be licensed, only arises when some disqualified person makes application for license.

Besides, this emergency issue in this case was passed upon by the board of commissioners more than three months before the application for the *certiorari*, and that judgment, if judgment it was, was too old for review and reversal by the writ.

Further, this board of commissioners had jurisdiction of this whole business of granting licenses to pilots, and only jurisdictional facts are necessary to appear of record —not the evidence on which the judgment is based,—and the board may have had evidence that one pilot was needed, if that were necessary, from the verbal statement of the mayor or other officer. The statute does not require the determination to be in writing, nor does it leave to the mayor any determination about it, except the number; and one is the very lowest number, and only one had applied, and but one pilot was licensed.

3. Besides all this, the court did not send the case back to have the facts retried by the board, or to have the assent of the mayor if needed, or testimony on that point re-examined, but made a final disposition of the cause and revoked the license, and that in the teeth of evidence that the plaintiff in error was qualified without regard to emergency or any provision in section 1535. We have ruled repeatedly that where facts are involved and in dispute, the superior court must send the case back for a rehearing and cannot make a final judgment. So that even if the court thought that the *certiorari* should be sustained, the judgment was wrong.

These commissioners are invested with large discretion by law—Code, §§1504 to 1542 *supra*—and ought to be so clothed. The courts should require a clear case of ille-

gality, or a *strong* case of abuse of discretion on facts, before they interpose.  In this case it is clear that these commissioners acted with much deliberation and examined the entire business before them with great care, and in our judgment their grant of this license to the plaintiff in error should not have been revoked or interfered with by the superior court, but the *certiorari* should have been dismissed.

Judgment reversed.

Cited for plaintiff in error:  14 *Ga.*, 162; 20 *Ib.*, 77, 233; 30 *Ib.*, 88; 57 *Ib.*, 495; 5 *Ib.*, 185; 22 *Ib.*, 369; 55 *Ib.*, 315; 65 *Ib.*, 600; Code, §§4052, 4049, 1504 *et seq.*; 1394 *et seq.*; 1410 *et seq.*; 1631 *et seq.*; 1419 *et seq.*; 1703, 1705, 2137; 1 Arch. Pr., 208, 210; Bacon's Abr. Tit. Error, Style; Co. Lit. 288 b; 1 Bouv. L. D. Tit. Judgment, 65; Ram. on Leg. Judg., 52; 2 Bouv. L. D. 284; 1 Green. Ev., 523; 20 How. St. Tr., 538 a; Cobb's Dig, 32; R. M. Ch. R., 302; *Dean vs. Healey*, March 29th, 1881.

For defendant:  Code, §§1504–5, 1535, 4049, 387, 396, 1508, 1532, 4052, 1504 to 1542 inclusive ; 14 *Ga.*, 164: 20 *Ib.*, 77; 35 *Ib.*, 285; R. M. Ch. R., 302.