### Trammell *vs.* Woolfolk.

1. The plea of usury is one regulated by special legislation. Such a plea must be complete within itself, and set forth the sum upon which the usury was paid, or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken or reserved.

2. Questions not made in the court below will not be considered here.

Usury. Pleadings. Practice in the Supreme Court. Before Judge WILLIS. Harris Superior Court, October Term, 1881.

Reported in the decision.

W. Dugas Trammell; M. H. Blandford, for plain-
tiff in error.

McNeil & Levy; Peabody & Brannon, for defend-
ant.

Crawford, Justice.

1. J. W. Woolfolk having filed his petition to foreclose
a mortgage made by C. H. Trammell, was met by a plea
of which the following is a copy:

"And now comes the defendant, and for plea and answer says,
that the foundation of the plaintiff's action is a certain promissory
note made and executed by defendant to Hudson, Jenkins & Redd,
and for the security of said note defendant executed and delivered his
certain deed of mortgage, by which note and mortgage he agreed to
pay said Hudson, Jenkins & Redd, for their interest for the use of
three hundred dollars, which was the consideration of said note and
mortgage besides legal interest, the further sum of twenty-five dollars,
being the storage on fifty bales of cotton, and the said Hudson, Jenkins
& Redd, never expected the defendant to deliver said fifty bales of
cotton, but on the contrary said contract was usurious, and the agree-
ment was a devise to defeat the statute against usury, and of this de-
fendant puts himself upon the country," etc.

To this plea plaintiff demurred, the court sustained the
demurrer, and the defendant excepted. This ruling is the
only error insisted upon in this record, and the question
to be settled is whether under our statute the foregoing
is a good plea of usury.

The "plea of usury must set forth the sum upon which
it was paid, or to be paid, the time when the contract was
made, when payable, and the amount of usury agreed
upon, taken or reserved." Irwin's Revised Code, §3419.

This section of the Code has been construed by this
court in the case of *Pattison vs. The Albany Building
and Loan Association*, 63 *Ga.*, 377. That construction is
that, "a plea of usury must conform to the statute, and

be filed as prescribed.    This is one of the defences which has been made the subject of special and particular legislation."

Again in the case of *McElroy vs. The City Council of Albany*, 65 *Ga.*, 387, it was construed in the following words: " A plea should be complete and perfect in itself, and if it be a plea of usury, then it should set out the usury, its amount, its dates and time."    See also *Tillman vs. Morton*, September term, 1880.    An examination of the plea here relied upon will show that it is not perfect in itself.    To make it so, reference must be had to the note to ascertain the dates when given, and when due, as well as the time for which the interest was to run.    Such particularity in pleading is unusual in the requirements of ordinary defences in this state, but it is made special in cases of usury, and must be complied with.

2. On the argument of this case, counsel for plaintiff in error asked the application of the fourth section of the act of October, 1879, which is "an act to regulate and restrict the rate of interest in this state, and for other purposes." See Georgia Laws 1878-9, pages, 184-5.    We do not see that this act can aid in any way the plaintiff in error, as it was not submitted to the judge below, and consequently no ruling thereon was made by him.

Judgment affirmed.