WRIGHT *et al. vs.* THE COMMISSIONERS OF PILOTAGE OF ST. SIMONS, ETC.

1. A contract between the commissioners of pilotage of a port and the licensed pilots thereof, whereby the former agreed to limit the number of pilots for that port for the period of three years to ten, that being the number already licensed, was illegal and void. It is the duty of commissioners of pilotage to supply the port with a

sufficient number of pilots, and they cannot contract to restrict the number, without regard to what might be necessary for the business of the port.

2. Each licensed pilot has a right to hold his license and receive his fees for services which he may render; but he has no right, either alone or in company with others, to claim the entire business of the port, and to prevent the issuing of license to another pilot, in the discretion of the commissioners of pilotage.

January 16, 1883.

Pilotage. Contracts. Actions. Before Judge MER-SHON. Glynn County. At Chambers. June 15, 1882.

Wright *et al.* filed their bill against the commissioners of pilotage of St. Simons, etc., alleging, in brief, as follows: Complainants had been pilots for a number of years on the bar of St. Simons, and in order to fully carry out the object of their appointment, had expended some $7,000.00 in the purchase and equipment of pilot boats. There are now twelve pilots on the bar, which are more than are necessary for the business there, and in addition there are several apprentices serving out their time. No emergency has arisen or been acted on under §§1535 and 1536 of the Code. Under the rules of the commissioners and the law, it is necessary that an applicant for an appointment as pilot should have served two years on a decked pilot boat; that he should make application in his own handwriting; be a citizen of the United States, of good moral character; and these rules and the Code contemplate that such service should be on this bar, in order that the applicant may be acquainted with it. One Decker has applied for a license as pilot, though he has not served the time required, and the commissioners have avowed their intention to grant him a license. In December, 1880, one Clubb applied for a license as pilot, and complainants were resisting his application. The commissioners agreed that if no resort was had to the courts, but Clubb was allowed to be appointed, they would not put more than ten pilots on the bar, and this agreement was to continue for three years.

Defendants admitted that they were about to appoint Decker, and alleged that the rule which had been previously passed, limiting the number of pilots to ten, had been repealed. They demurred to the bill on the ground that their powers were *quasi* judicial, and were not to be controlled by a court of equity. Affidavits as to the number of pilots were introduced on the hearing, but are immaterial here.

The court refused the injunction, and complainants excepted.

HARRIS & SMITH, for plaintiffs in error.

SYMMES & ATKINSON; C. P. GOODYEAR, for defendants.

JACKSON, Chief Justice.

This is a writ of error to the superior court of the county of Glynn, brought by certain pilots of the port of Brunswick, on the ground that the commissioners of pilotage were not restrained by injunction from the appointment of another pilot for that port.

The application for injunction is based on alleged want of qualifications in the new pilot, in that he had not served the apprenticeship, and been experienced in the port of Brunswick the necessary length of time, and upon a certain agreement alleged to have been made between the complainants and the commissioners restricting, for three years, the number of pilots to ten, which number was then filled.

1. In so far as the bill rests on contract between the pilots and the commissioners, it has no standing, because such a contract is illegal. The commissioners, as public officers, whose duty it is to supply the port with pilots, had no power by any bargain to limit the number necessary for that purpose for any specified time, on account of threatened law suits, or for other reasons. To restrict

their power in respect to the necessary number to do the business for three years, without regard to what might be the wants of the port, by bargain with the present employés, would be to part with the discretion vested in them by law, and to abdicate their office. Code, §1504 to §1542.

2. The contract for breach, of which the bill is brought in part, being null and void, have complainants any other standing in court?

It is not for them to prescribe the number or determine the qualifications of pilots. The rights of each pilot are to hold his license and to receive his fees for services he may render. If he be interrupted therein by the commissioners illegally, the law gives him redress. Code, §§1508, 1532.

But he has no right, by himself alone nor in company with the other pilots already engaged by the commissioners and in their employment, to the entire pilotage business of the port, so as to interfere with the appointment of others deemed necessary and competent. The Code, on the subject, from section 1504 to 1542, will be searched in vain to find any such right vested in one or all of the pilots, and consequently to find any remedy given them in such matters.

This point was ruled in the case of *Healy vs. Dean et al.*, 68 *Ga.*, 514.

There it was held that the pilots could not be made parties to the application of another person for license and carry the judgment of the commissioners to the superior court by *certiorari*, on the ground that they had no legal right to interfere therewith. Much less right have they to interfere by the harsh remedy of injunction on an apprehended appointment of one whose application was then pending before the commissioners, to restrain those commissioners from the exercise of their legal power to examine and license another pilot.

So that the chancellor could not do otherwise than sustain the demurrer and refuse the injunction.

Judgment affirmed.