## RUMPH vs. CLEVELAND.

1 Exceptions to the answer of a justice of the peace to a writ of *certiorari* must be in writing, must specify the defects complained of, and notice thereof must be given to the opposite party before the case is called for a hearing; but the statute does not require that such exceptions should be verified by affidavit, or that they should be disposed of at the term when they are filed. Code, §§4062, 4066; 40 *Ga.*, 36; 64 *Id.*, 576; 65 *Id.*, 260.

(*a.*) The case in 26 *Ga.*, 414, was decided before the Code went into effect.

2. That the record does not show that notice of the exceptions was given before the calling of the case, cannot be urged for the first time in this court, no such question hav'ng been made in the court below. The statute does not prescribe the form or manner of notice. It may have been given or waived.

Judgment reversed.

October 16, 1883.

HALL, Justice.

[Rumph sued Cleveland in a justice's court, and obtained judgment. The case was carried to the superior court by *certiorari*. At the first term it was called, and defendant in *certiorari* filed exceptions to the answer thereto because it did not fully set forth the testimony. At the next term, when the case was called, plaintiff in *certiorari* moved to dismiss the exceptions because they were not sworn to. The court sustained the motion and dismissed the exceptions, giving as an additional reason therefor that defendant in *certiorari* did not at the first term take an order requiring the justice to re-answer. The *certiorari* was sustained, and the defendant therein excepted.]