PARISH *et al. vs.* McLEOD.

73  123
100  479

1. There is sufficient evidence to sustain the verdict.
2. Where a *fi. fa.* was proceeding for the benefit of a transferee, there was no error in admitting evidence of the loss of the transfer, the evidence not showing that the separate piece of paper on which the transfer was written was ever out of the transferee's hands, but showing that, after diligent search, he was unable to find it.
   (a.) The fact that the *fi. fa.* was handed to the sheriff, and that another besides the transferee had an interest in it, would hardly, without more, justify the conclusion that either of these latter parties had possession of the transfer, and that all the sources of inquiry had not been exhausted to ascertain its existence. 42 Rule Superior Court, Code, p. 1351.
   (b.) Where a claim was interposed to a levy under such a *fi. fa.*, the claimant was not interested in the regularity of its assignment, no connection between him and the plaintiff in *fi. fa.*, or his heirs or distributees being shown, nor that there was any defence to it, if it had still been the property of the original holder.
3. Although in a claim case there may be testimony that a portion of the purchase money of the land in dispute was paid by the claimants, this court cannot pass upon the question whether the verdict should have been so framed as to have protected them to the extent of such payment, it not appearing that such issue was made or decided in the court below.
4. Where no process was attached to a declaration, but service was made, and a judgment was confessed by an attorney as representing both of the two defendants, after one of them had acquiesced in such judgment for sixteen or seventeen years, without taking any steps to set it aside, and even failed to swear on the trial of a claim case arising under such judgment that he was not apprised of its existence and did not know of the circumstances under which it was confessed, or of the person by whom this was done, such negligence would estop him from setting aside the judgment, even upon a direct proceeding for that purpose, on the ground of want of authority in the person making the confession. Code, §§408, 411; 36 *Ga.*, 108; 39 *Id.*, 394; 53 *Id.*, 491, 493.

5. The claimants were not creditors of the defendant, and the *bona fides* of their alleged purchase was fairly submitted to the jury and found against them.    Code, §3596.

Judgment affirmed.

April 8, 1884.

HALL, Justice.

[Neil McLeod, as transferee of a *fi. fa.* of James Grubbs against Benjamin L. Kirkland and A. D. Laurence, caused it to be levied on certain land as the property of Laurence; and Leonora Parrish *et al.*, children of the defendant in *fi. fa.*, interposed a claim. (Such is the statement in the bill of exceptions, and the record contains a verdict in a claim case, but does not contain the claim itself.) The evidence as to the ownership and possession was somewhat conflicting, and need not be stated in detail. The following will serve to explain the rulings made: Suit was brought by James Grubbs against Kirkland and Laurence on a promissory note signed by both. No process appears attached to the record. Service was perfected on Kirkland by leaving a copy at his residence. Laurence was served personally. On October 1, 1866, appears a confession of judgment for both, signed by " John R. Prescott, deft. atty ," and on October 3, 1866, judgment was signed against both defendants. On the present trial, defendant in *fi. fa.* denied that Prescott represented him. McLeod, the transferee, testified that the *fi. fa.* was transferred to him by the administrator of Grubbs as insolvent paper; that it was purchased at private sale; that the transfer was on a separate piece of paper: that he had searched diligently for it and could not find it; that Grubbs' administrator knew of the levy and authorized it; that the *fi. fa.* was placed in the hands of the sheriff, and levied; and that J. N. McLeod was to have $300.00 of the proceeds.

The jury found the property subject. Claimants moved for a new trial, because the verdict was contrary to law and evidence; because the *fi. fa* was admitted in evidence—the objection being that the loss or destruction of

the transfer was not shown, and that the sale of the *fi. fa.* was illegal, the requirements of §2558 of the Code not being complied with; and because there was no legal judgment on which the *fi. fa.* issued. The motion was overruled, and claimants excepted.]