## HILL *vs.* JOHNSON.

Where the testimony on the trial of a possessory warrant case was conflicting, and on *certiorari*, the presiding judge refused to reverse the judgment of the justice, this court will not interfere, unless the judge abused his discretion.

(*a.*) In this case, the presiding judge properly gave final direction to the case, leaving the property in possession of the party to whom the justice awarded it, on giving the bond required by law. Code, §§4040, 4035.

Judgment affirmed.

November 11, 1884.

HALL, Justice.

[William Johnson brought a possessory warrant against A. W. Hill for the possession of a mare.

On the trial, Johnson swore that he was cultivating Hill's land, and had conditionally bought the mare in controversy from Hill; that Johnson and Hill's father after that got into a dispute, and that Hill promised to let Johnson have the mare, and give him $25.00 if Johnson

would not prosecute Hill's father before the grand jury. After court, Hill refused to comply with his promise, and would not let Johnson have the mare, or pay him the $25, and forbade his taking the mare off the place, else he would get into trouble ; that Johnson then moved off Hill's place and left the mare, being afraid to carry her off; that Hill afterwards came to Johnson and tried to get him to move back to his place, promising that if he would do so, he would let him have the mare and pay him the $25. But Johnson refused to go back, and Hill refused to comply.

A. W. Hill swore that Johnson had been living with him some time, and he had agreed to let Johnson have the mare for $15 a year rent, and if Johnson ever got able to buy her, he might have her for $90 ; that Hill and Johnson had been working on halves, and Hill had been talking of settling a matter between his father and Johnson, but never consummated the trade ; that Hill did go to Smith's gin-house and try to get Johnson to go back to his place, but he would not do so. After that, Johnson told Hill to go to the pasture and get the mare, which was on Hill's place. Hill did not go to the pasture after the mare until two or three days after Johnson had told him to do so. Johnson said he would have nothing more to do with it.

The affidavit on which the warrant is founded alleges that petitioner claimed the " right " to said mare, but contains no allegation that plaintiff claimed the title to the mare, or any interest in her, or the possession of her. Hill moved to dismiss the warrant on that ground, when the case was called, but the justice refused to do so.

The justice awarded the possession of the property to Johnson, the plaintiff in possessory warrant, without requiring bond. This decision was carried by *certiorari* to the superior court, and the decision of the justice was sustained, except that bond was required. This ruling of the superior court is brought to this court by writ of error.]