SAFFOLD *vs.* FOSTER, administrator.

1. A party for whom judgment has been confessed cannot call in question the authority of the attorney at law confessing such judgment, after a lapse of many years, he having notice of the existence of the judgment, and no separate and distinct issue having been made traversing the authority of the attorney who made the confession, and such authority not being distinctly denied in the affi-

davit of illegality filed to the execution issuing upon the judgment so confessed, after levy thereof.

(*a.*) The confession of judgment by the attorneys of record for the defendant will be considered as conclusive, unless it be traversed and found by the verdict of a jury, on the trial of that separate and distinct issue, upon the strongest and most satisfactory evidence, that the attorneys had no authority whatever from the defendant to have made it; and this traverse should be made by the defendant at the earliest opportunity after notice of the judgment against him.

2. Want of process does not render a suit void, but appearance and pleading will waive its absence. Where a party was served with a copy of the declaration, and after having his name marked to the case and, at the return term thereof, causing "answer" to be entered by the presiding judge on the docket, allowed a judgment to be confessed by other attorneys, he cannot afterwards object that no process was annexed to the original declaration.

3. An allegation in an affidavit of illegality that the plaintiff in *fi. fa.* was dead, was only pleading and not evidence, and the affiant should have offered proof to sustain it.

(*a.*) It was immaterial to the defendant in *fi. fa.* who was the then owner of the execution; he owed the money, and all he wanted was a responsible party to settle with. There was nothing to negative the fact that the plaintiff was in life, and that his rights were then being litigated, and he and all claiming under him were bound by the judgment.

(*b.*) There was no error in admitting in evidence an assignment of the *fi. fa.*

March 17, 1885.

Judgments. Attorney and Client. Illegality. Practice in Superior Court. Process. Waiver. Executions. Evidence. Before H. T. Lewis, Esq., Judge *pro hac vice.* Morgan Superior Court. September Term, 1884.

Reported in the decision.

John C. Reed; Calvin George, for plaintiff in error

J. A. Billups; McHenry & McHenry; F. C. Foster, for defendant.

Hall, Justice.

Some of the questions made by this record were not in-

volved in the judgment rendered when this case was formerly before the court.  69 *Ga.*, 289.   We will notice such of them only as are essential to the final disposition of the case, and they are :

(1.)  Whether a party for whom judgment has been confessed can call in question the authority of the attorney at law confessing such judgment, after a lapse of many years, he having notice of the existence of the judgment, where no separate and distinct issue has been made traversing the authority of the attorney to make the confession, or where that authority is not distinctly denied in the affidavit of illegality filed to the execution issuing upon the judgment so confessed, when the same has been levied on the property of the defendant.

(2.)  Whether a party who has been served with a copy of the declaration, and after having his name marked to the case, and at the return term thereof causing " answer " to be entered by the presiding judge on the docket, and allowing a judgment to be confessed by other attorneys, can afterwards come in and object that no process was annexed to the original declaration.

(3.)  Whether it was essential, under the circumstances of the case, to prove the execution of the assignment of the *fi. fa.* by the original plaintiff to Foster, as administrator *de bonis non* of Eubanks.

1. Fannin & Billups were the attorneys of record of the defendants in this case, and the confession of judgment was signed by them ; there is scarcely an intimation that they acted without authority ; certainly there is no such allegation in the affidavit of illegality filed to the execution issuing upon the judgment entered on this confession. In *Dobbins vs. Dupree*, 36 *Ga.*, 108, it was decided that a judgment regularly entered up on an acknowledgment of service and confession of judgment by an attorney at law was not void, but only voidable, and that upon clear and decisive proof that such attorney at law acted without authority in the premises for the party represented by

him ; the strong presumption from his appearance for any party litigant being that he was authorized to represent him. In *Davant vs. Carlton*, 57 *Id.*, 489, 491, a still more definite and rigid rule upon this subject is announced, that " the confession of judgment by the attorneys of record for the defendant will be considered as conclusive, unless that act of the attorney, as an officer of court, shall be traversed and found by the verdict of a jury, on the trial of that separate and distinct issue, upon the strongest and most satisfactory evidence that the attorney had no authority whatever from the defendant to have made it." " And this traverse of the act of the attorney should· be made by the defendant at the earliest opportunity after notice of the judgment against him." As late as the February term, 1884, of this court, we made substantially the same ruling in *Parish vs. McLeod.*\*

2. In this last case, we went still further and applied this rule to a case where no process was annexed to the declaration, but where the name of an attorney was entered to the case and he confessed judgment for the defendants. In this case, the defendant assailing this judgment entered his name upon the docket at the return term of the suit, and at that term caused the entry of answer by the presiding judge to be made opposite to it, and at the next succeeding term, the judgment was confessed by other attorneys, whose names also appeared for the defendants upon the docket. The want of process did not render the suit void, and appearance and pleadings are by express enactment made a waiver of all irregularities in or of the absence of the same and the service thereof. Code, §3335. The party should have traversed the entry of this suit at the first term of the court, after discovering that the officer failed to perform his duty in this respect, and before pleading to the merits. *Ib.*, §3340. The general issue is a denial of the allegations in the plaintiff's declaration, and shall be considered as filed in all cases which

\* 73 *Ga.*, 123.

are answered to at the first term. *Ib.*, §3458. The objection to a want of process is at most in the nature of a dilatory plea, which must always be filed and insisted on at the return term of the suit. *Ib.*, §3456.

3. One of the grounds of the affidavit of illegality was that the plaintiff in the execution was dead, and there were no parties to the suit. Not being prepared to deny this fact when the case was first tried, the present plaintiff in the execution by transfer then conceded its truth; before the last trial, however, he discovered this to be a mistake, and finding the said plaintiff to be in life, he procured from him the assignment of the *fi. fa.* When this assignment was offered in evidence along with the *fi. fa.*, the defendant objected to its admission unless its execution was proved, but the court overruled the objection, and we think that he was right in so doing; the affidavit of illegality was only pleading and not evidence, and the affiant should have offered proof to sustain its several grounds, including that which set up the death of the plaintiff in execution. It was wholly immaterial to him who was the then owner of the *fi. fa.;* he owed the money, and all he wanted was a responsible party to settle with. The plaintiff, for aught that appeared to the contrary, was in life, and his rights were then being litigated, and he and all claiming under him were bound by the judgment rendered on the issues then made.

Judgment affirmed.