## The Georgia Railroad *vs.* Bird.

[Jackson, C. J., did not preside in this case, on account of providential cause.]

Where it was proved that a cow was killed by a railroad train, this imposed on the company the burden of showing that it was in the exercise of all ordinary and reasonable care and diligence, or that the damage was caused solely by the negligence of the owner of the cow, or to diminish damages, that both were at fault.   Negligence is a question for the jury, and the issues thus presented necessarily depend upon facts.   Therefore, where the plaintiff obtained a verdict on the appeal trial in a justice's court, and the defendant carried the case to the superior court by *certiorari*, if the judge sustained the *certiorari*, it was proper to order a new trial and not to finally dispose of the case.

October 20, 1885.

Railroads.   Damages.   Negligence.   *Certiorari*.   Before Judge Cobb.   Clarke Superior Court.   May Term, 1885.

Reported in the decision.

Jos. B. Cumming ;  Geo. D. Thomas, by brief, for plaintiff in error.

No appearance for defendant.

HALL, Justice.

The defendant in error brought suit in a justice's court against the Georgia Railroad and Banking Company for damage done in killing her cow by the running of its locomotive and cars, and upon the trial, on the appeal in that court, she obtained a verdict; the company sued out a *certiorari* which was sustained, and a new trial ordered by the judge presiding in the superior court. It appears from the facts set forth in the petition for *certiorari*, and by the return of the magistrate thereto, that the killing of the animal by the running of the locomotive, etc., of the company, together with the value of the cow, was proved. The defence set up was that the agents of the company were, at the time, in the exercise of all ordinary and reasonable care and diligence. The judge, in the exercise of his discretion, awarded a new trial, but the company insisted that he should have gone further, and made a final decision in the case without sending it back to the justice's court, which he declined, and the company excepted, and brought the case to this court for review. We are satisfied that the error complained of and corrected was not merely an error of law that must finally govern the case, and agree with the judge that there were questions of facts involved, and that he had no power to give it the direction asked. Code, §4067 and citations; 65 *Ga.*, 754; 68 *Id.*, 650; 69 *Id.*, 841. Proof of the killing, which was ample in this case, imposed upon the company the burden of showing that it was in the exercise of all ordinary and reasonable care and diligence, or that the damage was caused solely by the negligence of the owner of the cow, or that both she and the company were at fault, in which latter event the recovery was to be diminished in proportion to the default attributable to her. Code, §§3033, 3034 and citations. Negligence is a question for the jury, and the issues thus presented necessarily

depend upon facts. There is, therefore, no error in the judgment excepted to.

Judgment affirmed.