## Cox vs. Snell.

| 77 | 469 |
| 100 | 477 |
| 77 | 469 |
| 105 | 471 |
| 77 | 469 |
| 118 | 146 |

The rule that the first grant of a new trial, where the evidence is conflicting, will not be reversed, unless the discretion of the presiding judge was abused, applies as well to the general grant of a new trial on *certiorari* from a lower court as on a motion for new trial.

(*a.*) There was no request for specific instructions to be given to the justice, and no necessity for any appears. The rehearing will be a *de novo* investigation, as if no trial had been had.

November 23, 1886.

New trial. Before Judge CARSWELL. Washington Superior Court. March Term, 1886.

Reported in the decision.

J. A. ROBSON, for plaintiff in error.

No appearance for defendant.

HALL, Justice.

Sustaining the *certiorari* in this case, a new trial was awarded generally by the court. The evidence upon the

main points involved was directly conflicting, especially so as to the time stipulated for the performance of the service by the plaintiff, and for which he claims compensation according to the terms of the contract between the parties.   Had this first new trial been granted on a motion for that purpose, we should not feel authorized to interpose, as it does not appear that there was the slightest abuse of the discretion exercised by the judge.   This rule is as applicable to new trials ordered on *certioraris* as to those granted on motions, as we have repeatedly decided. In remanding the case for another hearing, the judge did not accompany his order with instructions as to the law applicable on the next trial before the jury in the justice's court.   Counsel for the plaintiff seems to apprehend that, inasmuch as the rehearing was ordered because the verdict was contrary to evidence, this was an expression of opinion adverse to him on the law applicable to the case, and concluded him on the next hearing, but we do not think that such would be the result.   Another trial may be had upon different evidence, and will, in all respects, be conducted as though none had ever taken place.   There does not appear to have been any request made as to specific directions to the justice's court on points of law, nor from what is disclosed does there seem to have been any necessity or reason therefor.

Judgment affirmed.