THE GEORGIA RAILROAD AND BANKING CO. v. PETERSON.

Though the evidence of a single witness for the defendant, if true, was sufficient to overcome the legal presumption of negligence,

yet as that evidence was in conflict with the testimony of a witness for the plaintiff, a question of credibility was thus raised for the jury to decide, and they having found for the plaintiff, and the judge of the superior court on review by *certiorari* being satisfied with the verdict, the judgment is                    *Affirmed.*

January 4, 1893.

Before Judge JENKINS.    Hancock superior court. April term, 1892.

Peterson sued the railroad company for damages from the killing of his cow.  He obtained a verdict for $25, interest and costs.  By *certiorari* the defendant alleged that the verdict was contrary to evidence, without evidence to support it, excessive, and contrary to law and the principles of justice and equity; that the presumption of liability raised by law against it, by showing that the injury to the cow was caused by its engine and cars, was fully overcome by the undisputed testimony that its agents exercised all ordinary and reasonable care and diligence to prevent the accident, and that the accident was unavoidable.  Further, that the verdict was illegal, in that it found plaintiff to be entitled to interest as interest.  The judge of the superior court overruled the *certiorari* upon the plaintiff writing off the interest, and ordered the defendant to pay the costs, to which ruling it excepted.

Upon the trial in the magistrate's court plaintiff testified: About December 27, 1888, he had a cow killed on the Macon branch of defendant's road.  When he found her she was at the end of a cut with her head lying towards Macon, was bruised on the hip and her hind legs were broken.  She was worth about $75; was of great help to him in supporting his family from the quantity of milk she gave.  He signed a paper, and it was his idea when he signed it that he would get the value of his cow; but he has never received any money from defendant for killing her.

For defendant the engineer in charge of the engine at

the time in question testified: It was my train which killed the cow. The train was going from Camak to Macon. The cow was killed in a narrow cut, the track in which is on a curve. My engine was in fifty steps of her when I came in sight of her. The cut and curve prevented my being able see her any earlier. There were other cows there which went out of the cut in the direction of Macon, but the cow killed was coming towards my engine, trying to get out of the cut in the direction of Camak, and meeting my engine when I saw her. When I saw her it was at too short a distance to stop my train, running its regular schedule at the time. There were no means available and nothing that could have been done to stop the train before striking her, after I first came in sight of her. It was just impossible to stop the train in that distance. I blew on brakes, reversed the engine and sanded the track, but hit her before the speed of the train slacked.—Defendant's section master testified that he in company with plaintiff appraised the cow at $15, which amount witness thought had been paid. It was admitted that if one Ford had been in court he would swear that where the cow was killed was on a straight line of the road, that he saw the cow killed, and that there was no effort made to slow up the train.

J. B. CUMMING, BRYAN CUMMING and M. P. REESE, for plaintiff in error.

J. T. JORDAN, by HARRISON & PEEPLES, contra.