## SAVANNAH, THUNDERBOLT & ISLE OF HOPE RAILWAY *v.* FENNELL.

1. There being a conflict of evidence, the judge of the superior court did not abuse his discretion in sustaining the certiorari and remanding the cause to be again tried in the magistrate's court.

2. The question whether or not a certiorari will lie from proceedings had under sections 2252 et seq. of the Civil Code, though argued in this court, was not made before the trial judge or in the record brought to this court, and therefore is not now passed upon.

Argued February 17,—Decided March 8, 1897.

Certiorari. Before Judge Falligant. Chatham superior court. June term, 1896.

To the facts appearing in the opinion the following statement of the evidence is added.

W. E. Fennell testified: I live near Thunderbolt on line of defendant's road. While at supper March 17, 1895, I heard the car stop in front of my garden fence, while on its trip to Thunderbolt, and saw men moving around evidently getting something off the track. Next morning I found my brother's yearling dead on the side of defendant's roadway. There was blood and hair on the ties and rails for a number of yards along the track. The heifer was bruised on the head, one horn was loose, and it had other severe injuries which were sufficient to cause its death. It was worth between ten and fifteen dollars. The accident occurred at a road crossing, the calf being struck at the crossing and the blood and hair showing it had been dragged from the crossing about fifteen or twenty yards towards Thunderbolt. I was familiar with the yearling, as it slept with my cattle in the pen at my house.—John T. Fennell testified: The heifer

generally went in company with another which also belongs
to me, and the surviving heifer, the next morning after the
killing, was standing near the place where the dead one was
lying. The reason the two were not penned in my lot was be-
cause the older cows would not let them stay in, and they had
got in the habit of sleeping in my brother's lot. One of them
wore a bell, and when I would hear the sound of the bell at
my brother's place I considered that they were safe, as one
was never far from the other. When I examined the heifer
the next morning I found one horn broken off and hanging
to its head, the other was missing entirely and it looked
badly broken up. From the crossing where she was struck
hair, blood and skin were ground up on the track for a dis-
tance of forty or fifty feet, the rails were covered with hair
for thirty yards.

For the defendant the motorman of the car testified:
About 7:45 o'clock p. m., was approaching point where W.
E. Fennell lives, and just before getting to the road crossing
I noticed some cattle on right hand. I cut off current and
put on brakes, but seeing they were stationary I took off
brakes and turned the current on again. A moment or two
after I saw a calf coming apparently from a clump of bushes
on the left. It got on the track in front of the car coming
diagonally across the track and towards the car. The calf
was running towards the car. I was in about twenty or
thirty feet from it, and it was impossible to stop in time to
prevent striking it. I did not reverse. To have done so
would probably have broken the machinery, without stop-
ping in time to prevent the accident. The car was going
from ten to twelve miles an hour when it struck the calf.
There is a curve in the road at that point towards the left,
and as the rays of the headlight always go straight ahead
and don't take the curve, the left hand side was in darkness
and I could not see any object at a distance. I knew there
was a crossing at that point, used by people and vehicles. It
is a private road, neighborhood road from Thunderbolt to

Bonaventure. We are allowed in the city to run five miles an hour north of Liberty street, and ten miles an hour south of Liberty street.

In rebuttal W. E. Fennell testified: Where the accident occurred is fifty or sixty yards outside of the town of Thunderbolt. The curve is a graded curve, and the killing occurred about the middle of it. The track is clear on the left hand side. My fence is on the right. I don't remember any clump of bushes on the left near the track. The road is a private road. I got permission from the president of defendant to shell it. It is used as a neighborhood road by myself and others.

*Barrow & Osborne*, for plaintiff in error.
*Gignilliat & Stubbs*, contra.

LITTLE, Justice.

1. It appears that the plaintiff below instituted a summary proceeding, under sections 2252 et seq. of the Civil Code, to have damages assessed against the defendant company for the killing of a cow by the running of the cars of the latter. The magistrate, after hearing evidence, adjudged that the defendant was not liable, and rendered judgment accordingly. From this judgment, the plaintiff sued out a writ of certiorari to the superior court, which, upon the hearing in the latter court, was sustained and the cause remanded to the justice's court to be retried. To this latter judgment defendant company excepts and brings the case to this court by writ of error.

By reference to the testimony introduced at the trial before the magistrate, a report of which is contained in the foregoing official statement of facts, it will be observed that, while there was no conflict touching the value of the animal killed, nor as to the killing of the animal by the operation of the car of the defendant company, there was a conflict in the testimony as to whether the defendant company had exercised ordinary care and diligence to prevent the killing

of the cow. The killing occurred at or near a private road crossing. The motorman in charge of the car testified, among other things, that just before getting to the crossing he noticed some cattle on the right-hand; that he cut off the current and put on brakes, but seeing they were "stationary," he took off the brakes and turned the current on again; that a moment or two later he saw a calf coming apparently from a clump of bushes on the left; that it got on the track in front of the car, running diagonally across the track and towards the car; that when he discovered the animal, he was in too close proximity to it to stop, etc. In rebuttal, there was evidence offered by the plaintiff, to the effect, among other things, that the track was clear on the left-hand side, and that witness did not remember any clump of bushes on the left near the track. Thus it will be seen that in the case made by the writ of certiorari was involved a question of fact as to whether or not the defendant company could, by the exercise of ordinary care and diligence, have prevented the killing of the cow, and there being a conflict, as has been pointed out, in the evidence touching this question of fact, the case falls within the principle so frequently announced by this court, to the effect that where facts are involved and the evidence is conflicting, the discretion of the presiding judge in refusing or sustaining a certiorari will not be controlled or disturbed unless it is apparent that such discretion has been abused. *Formby* v. *Smith*, 69 *Ga.* 769; *Baldwin* v. *Hiers*, 73 *Ga.* 739; *Hill* v. *Johnson*, 74 *Ga.* 362; *Whitley* v. *Ramspeck & Green*, Id. 391; *Worthington* v. *W. & A. R. R.*, Id. 408; *McCullough* v. *Anderson*, Id. 839; *Cox* v. *Snell*, 77 *Ga.* 469; *Emmons* v. *So. Bell Tel. Co.*, 80 *Ga.* 760. And that in such a case, if the certiorari is sustained, the case should be remanded. *Shannon* v. *Daniel*, 64 *Ga.* 448; *James* v. *Smith*, 62 *Ga.* 345; *Claton* v. *Ganey*, 63 *Ga.* 331; *Cherokee Lodge* v. *White*, Id. 743; *Sapp* v. *Adams*, 65 *Ga.* 600; *Healey* v. *Dean*, 68 *Ga.* 514; *Smith* v. *Bragg*, Id. 650; *Bor-*

*oughs* v. *White & Stone*, 69 Ga. 841; *Holliday* v. *Poole*, 77 Ga. 159. Where question of negligence of a railroad company in killing cow involved and certiorari sustained, the case must go back for a rehearing. *Georgia Railroad* v. *Bird*, 76 Ga. 13.

2. It was argued before this court by counsel for plaintiff in error, that the plaintiff below having instituted his action and proceeded under sections 2252 et seq. of the Civil Code, he had no further remedy after the magistrate rendered judgment against him, inasmuch as by the provisions of section 2255 the judgment of the justice is made final and conclusive as between the plaintiff and the defendant touching the particular matter for which such judgment may be rendered, with the exception, however, that under the provisions of section 2256 a right of appeal is preserved to the railroad company. · It was therefore insisted in the argument here by counsel for the plaintiff in error that the plaintiff below was not authorized by law to sue out the writ. Whether or not the point is well taken, is a question which, under the record as it comes to us, we are not at liberty to determine. From an inspection of the record, we find that the question whether or not a certiorari will lie from proceedings had under §§2252 et seq. of the Civil Code was not made before the trial judge, nor indeed in the record brought here. This court has often declared the inherent disability in its organization to determine or consider questions which were not made in the court below, and as the reasons for this ruling have been heretofore fully stated and may be found in the authorities below cited, we deem further elaboration unprofitable. See *Howard* v. *Gray*, 65 Ga. 182; *Trammell* v. *Woolfolk*, 68 Ga. 628; *Baker* v. *W. & A. R. Co.*, Id. 699; *Dickinson* v. *Mann*, 69 Ga. 729; *Steed* v. *Cruise*, 70 Ga. 169; *Wostenholms* v. *State*, Id. 720; *McCall* v. *Walter*, 71 Ga. 287; *Inman* v. *Miller*, Id. 293; *Rattaree* v. *Morrow*, Id. 528; *Rumph* v. *Cleveland*, 72 Ga. 189; *Ogletree* v. *Sharp*, Id. 899; *O'Brien* v.

White, Id. 900; Parish v. McLeod, 73 Ga. 123; Columbus Railway v. Flournoy & Epping, 75 Ga. 745; Bates v. Messer, 76 Ga. 696.

Judgment affirmed. All the Justices concurring.