325.   WESTERN & ATLANTIC RAILROAD COMPANY *v.*
LOUGHBRIDGE.

Though the evidence of a single witness for the defendant, if true, is suffi-
cient to overcome the legal presumption of negligence, yet where that
evidence is in conflict with testimony for the plaintiff, tending affirma-
tively to show negligence, a question of credibility is thus raised for the
jury to decide; and where the judge of the superior court, on review by
certiorari, is satisfied with the verdict, his discretion in overruling or
sustaining such certiorari will not be controlled or disturbed, unless
manifestly abused.

Certiorari, from Whitfield superior court—Judge Fite.   Octo-
ber 9, 1906.

Submitted May 7,—Decided May 16, 1907.

*John L. Tye, R. J. & J. McCamy,* for plaintiff in error.

*George G. Glenn,* contra.

RUSSELL, J.   This suit originated in a justice's court, and was
brought by the defendant in error, to recover damages for the
killing of his cow by the railroad company.   On the trial before
the justice, a judgment was rendered in favor of the defendant
in error.   The plaintiff in error thereupon appealed to a jury,
when a verdict for forty dollars was returned in favor of the de-
fendant in error.   The case was then carried by certiorari to the
superior court.   The answer of the justice was an adoption of the

petition of plaintiff in error, and the defendant in error filed no traverse to the answer. Upon a review of the facts as set forth in that petition, the superior-court judge refused to disturb the verdict rendered; and that decision is now before this court for review.

Three witnesses testified that they saw the killing of the cow. One of these, Albert Gordon, who was introduced by the plaintiff, testified (according to the petition for certiorari), that the animal killed was walking alongside the track, about six feet from the ends of the ties; that the track at this point was laid upon an embankment; and that the stock alarm was not sounded until just about the time the cow was stricken by the engine. Loughbridge (the plaintiff) testified, that he saw the striking of the cow by the train; that he saw the train approaching, and at that time the cow was walking up the track just at the end of the ties; that the train was, at the time of his first observation, the distance of six or seven telegraph poles from the cow; that he turned and looked again just as the stock alarm was sounded, and saw the cow up in the air, where she had been knocked by the engine. Loughbridge and another witness testified as to the ability of the engineer (had he been on the lookout) to have seen the cow for a distance of six or seven telegraph poles (approximately fifty yards apart), or between three and four hundred yards. The engineer testified, that as he approached the place of the accident (it being on an embankment where the track curved to the right) he was looking ahead, but could see nothing of the cow; that she suddenly came up from the side of the embankment and on the track, and was struck before he had time to do anything to save her. The fireman's evidence, in one aspect, tended to corroborate that of Loughbridge and his witness, that the blowing of the stock alarm and the striking of the cow were simultaneous; because he testified, that he did not see the cow at all; that he heard the engineer blow the stock alarm, looked up from his work, firing the engine, and asked the engineer what was the matter, and the engineer replied, "We struck a cow."

The plaintiff in error insists that its certiorari should have been sustained, because the killing of the cow, in any view of the foregoing evidence, was an unavoidable accident, and that the

judge of the superior court erred in refusing to set aside the verdict and judgment in the justice's court. Plaintiff in error relies upon the decisions of the Supreme Court in *Georgia R. Co.* v. *Middlebrooks,* 91 *Ga.* 76; and *A. S. Ry. Co.* v. *Blevins,* 92 *Ga.* 522. We do not think that either case is applicable to the facts now involved. Where injury is shown to have been caused by a railroad train, the presumption of negligence arises; and that this legal presumption, arising out of the mere fact of injury, may be rebutted by the testimony of even one witness is about all that is decided in the *Middlebrooks* case. But in that case the plaintiff's own testimony showed that nothing the engineer could have done would have prevented the accident; and there was no evidence to the contrary. The plaintiff himself rebutted the presumption of negligence, and thus failed to make a case; and thereupon the Supreme Court directed that a nonsuit be entered. In the case now presented for adjudication the presumption of negligence is raised by the killing of the cow, and there is an attempt to rebut it. The engineer testified, to that end, that he could see nothing on the track, though he was looking ahead, and that the first thing he saw was the cow's head coming angling up the embankment when the train was right on her. If the evidence had stopped here, the case would have been similar to the *Middlebrooks* case; but, in conflict with the evidence of the engineer, the testimony for the plaintiff, if true, put the cow on the embankment, about six feet from the end of the ties, and in plain view of the engineer for nearly four hundred yards before he struck her, and yet the evidence was undisputed that the stock alarm was not sounded until almost simultaneously with the striking of the cow. If this testimony was taken by the jury as true, the presumption of negligence was not rebutted. In the *Blevins* case, cited by plaintiff in error, the verdict in favor of the plaintiff was set aside because the plaintiff's right to recover depended entirely upon the presumption of negligence raised by law; and the defendant fully overcame the presumption by the uncontradicted testimony of the only witness who testified to seeing the killing. The present case is very nearly identical, as to its facts, with the case of *Georgia R. Co.* v. *Peterson,* 91 *Ga.* 74, if the testimony of the plaintiff in this case be taken as the truth; and it was found to be true by the jury.

We think, therefore, that the jury had the right to conclude, not only that the railroad company had failed to rebut the presumption of negligence, but that the plaintiff had, by circumstances, established negligence, especially in the failure to sooner sound the stock alarm. This being true, the judge of the superior court very properly refused to interfere with the verdict of the jury, and his judgment in overruling the certiorari is, in our opinion, right. But regardless of our opinion as to the merits, this case falls within a principle frequently announced by the Supreme Court, to the effect that "where facts are involved, and the evidence is conflicting, the discretion of the presiding judge, in refusing or sustaining a certiorari, will not be controlled, unless it is clear that such discretion has been abused." *Savannah Ry.* v. *Fennell,* 100 *Ga.* 477; *Formby* v. *Smith,* 69 *Ga.* 769; *Hill* v. *Johnson,* 74 *Ga.* 362; *Whitley* v. *Ramspeck,* 74 *Ga.* 391.

*Judgment affirmed.*