41649. WEST v. CITY OF COLLEGE PARK.

PANNELL, Judge. 1. Where, as in the present case, on certiorari to a judgment of conviction in a recorder's court the judge of the superior court enters an order sustaining the certiorari and remands the case to the judge of the recorder's court for determination of a particular fact, the case stands for retrial in the recorder's court de novo (*Cox v. Snell*, 77 Ga. 469), and in accordance with the instructions (see *Georgia Railroad v. Bird*, 76 Ga. 13; *Mitchell v. Western &c. R. Co.*, 66 Ga. 242; *Sapp v. Adams*, 65 Ga. 600; *Tison v. Savannah, Fla. &c. R. Co.*, 97 Ga. 366 (24 SE 456); *Whiddon v. Atlantic C. L. R. Co.*, 21 Ga. App. 377, 378 (4) (94 SE 617)), and the failure to include his instructions on the law (see *Star Glass Co. v. Longley & Robinson*, 64 Ga. 576 (3); *Akridge v. Watertown Steam Engine Co.*, 77 Ga. 50) does not void such judgment, and, in the absence of an appeal therefrom, the judge of the superior court has no further jurisdiction in the matter so as to authorize him, at a subsequent term, to issue additional orders relating thereto, including one overruling the certiorari. Accordingly, the judgment of the superior court overruling the certiorari is reversed with direction that the case be remanded to the recorder's court for new trial.

2. While it appears from the record that two cases were tried in the recorder's court and that on separate certiorari they were consolidated and argued together, the appeal here is

from only one of the cases; therefore, no consideration was given by this court to the other case, even though the judge of the superior court ordered the record in the other case transmitted to this court.

*Judgment reversed with direction that the case be remanded to the recorder's court for new trial. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 2, 1965—DECIDED NOVEMBER 16, 1965.

*McCord & Cooper, Robert B. McCord, Jr., Charles J. Driebe, Wallace & Wallace,* for appellant.

*Noah J. Stone, Hugh W. Stone,* for party at interest not party to record.