## NORRINGTON *vs.* PHILIP, executor.

Where suit was brought in 1876 on due-bills made prior to 1865, the allegations that they represented certain deposits made by an uneducated person with the maker, who received and held the fund as a deposit, not as a loan ; that if the due-bills conveyed any other meaning they were fraudulent ; that in 1872 the plaintiff demanded his money, but defendant put him off by saying it was best for plaintiff to let him hold the money as it would be lost if plaintiff held it, and that in 1876 he admitted the making of the deposit, but claimed that it had been paid, were not sufficient to relieve the case from the bar of the statute, and it was properly dismissed on demurrer. See 60 *Ga.*, 449 ; 61 *Ib.*, 356 ; 62 *Ib.*, 163, and *Summerlin vs. Dorset*, this term.

JACKSON, Chief Justice.

---

## THE PLANTERS BANK OF FORT VALLEY *vs.* KERSH.

The verdict being contrary to the evidence, a new trial is ordered. Closely scrutinized, the evidence of the plaintiff rests entirely on the entries in his bank-book, and if they are shown to be incorrect, his case, as now presented, falls with them.

HAWKINS, Justice.

---

## COMER *vs.* GRANNIS.

(JACKSON, J. having been of counsel in this case, did not sit. Judge Longley, of the Coweta circuit, was designed by the governor to preside in his place.)

Where it does not appear on what ground the presiding judge granted a first new trial, this court will presume that he acted on sufficient grounds, unless something to the contrary appears.

LONGLEY, Judge.