THE GEORGIA RAILROAD *vs.* LETCHWORTH.

1. Where a new trial was granted on one ground of a motion, the question before the Supreme Court is, whether the court erred in granting the motion on that ground.   70 *Ga.*, 464.

2. While this court is strict in enforcing all agreements of counsel, by which risks are taken, and which, when injury follows, it is sought to repudiate, yet discretion in enforcing agreements made in the presence of the presiding judge, and brought about by his own rulings, is as much within the scope of the exercise of the power conferred by law of granting or refusing a new trial as is discretion in regard to the facts before the jury or other matters of practice before the judge.   Where the presiding judge is of opinion that his ruling, which caused an agreement in regard to the amendment of plaintiff's declaration, and his enforcement of that agreement has done injustice, and grants a new trial, his discretion will not be controlled unless abused.

Judgment affirmed.

May 13, 1884.

JACKSON, Chief Justice.

[Letchworth brought suit against the Georgia Railroad; alleging that there was a certain public road-crossing in

the city of Atlanta where Butler street ran under the defendant's road; that it was the duty of the defendant to keep the street and sidewalk in repair to the full width of its road-bed; that it failed to do so, and there was a gully or washed place on the sidewalk into which, without negligence on his part, plaintiff fell and was injured.

An amendment was made at the trial, to the effect that the gully or washed out place was caused by the defendant's causing water from its road-bed and other sources to run upon the sidewalk.

Defendant objected to this amendment as containing a new cause of action, and moved for a continuance on the ground of surprise. The court was about to grant a continuance, when counsel entered into an understanding that the amendment should be considered merely as descriptive of the cause of action set out in the original declaration, and not as adding a new cause of action for erecting and maintaining a nuisance. The court thereupon refused a continuance.

It is unnecessary to detail the evidence. When the jury had been out in their room about half an hour, they came into court, and one of them asked the judge to recharge them on a point of law: "That is in reference to the water being thrown upon the sidewalk; we would like to have some point of law upon that;" in response to which the judge said, "As I understand the declaration, this case, according to the declaration and according to the evidence, depends upon whose duty it was to keep that sidewalk in good order. If it was the Georgia Railroad Company's duty to keep that sidewalk in order, then, if the case is made out as I charged you in other matters, plaintiff would be entitled to recover; but if it is not the Georgia Railroad Company's duty to keep that sidewalk in order, plaintiff would not be entitled to recover."

The jury found for the defendant. Plaintiff moved for a new trial on various grounds, all of which the court overruled, except that the plaintiff had no benefit from his

amendment, and that justice required that his rights under such amendment should be tested by legal rules, which had not been done.

To the grant of the new trial on this ground defendant excepted.]