|112a 196|
|f112 762|

CONNALLY *v*. THE STATE.

FISH, J. The testimony of the State's witnesses was amply sufficient to show the guilt of the accused; and even upon the assumption that the testimony of the expert witnesses introduced in behalf of the accused was, if true, such as to show that the alleged offense could not possibly have been committed, there was a conflict upon which it was the exclusive duty of the jury to pass. Upon the assumption that the testimony last referred to did not conclusively establish impossibility of guilt, there was no necessary conflict between the witnesses for the State and those for the accused. In either view, this court will not disturb the verdict, the same having been satisfactory to the trial judge.                    *Judgment affirmed. All the Justices concurring.*

Argued November 20, — Decided November 26, 1900.

Indictment for adultery and fornication. Before Judge Henry. Floyd superior court. September 22, 1900.

*Seaborn Wright*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

---

TAFT COMPANY *v*. SMITH, trustee.

LEWIS, J. 1. Assignments of error made in a petition for certiorari upon alleged rulings of a city-court judge upon questions of law can not, unless duly verified by the answer to the writ of certiorari, be considered by the superior court. They are not so verified when the answer is either silent with respect thereto, or expressly denies that any such rulings were made.

2. Dealing with the petition for certiorari in the present case as verified by the answer thereto, it amounted to no more than an effort to bring under review by the superior court a judgment rendered by the city court without a jury, the only attempt to assign error upon which, in the petition for certiorari, was embraced in the loose and general statement that it "was contrary to law, truth, and justice." As Civil Code, § 4650, which relates to petitions for certiorari, distinctly declares that "No ground of error shall be insisted upon, on the hearing, which is not distinctly set forth in the petition," and as the plaintiff in certiorari manifestly failed to comply with the requirements of that statute, there was no error in overruling the certiorari. *Papworth* v. *Fitzgerald*, 111 *Ga.* 54; and see *Roberts* v. *Keeler*, Id. 181.
                    *Judgment affirmed. All the Justices concurring.*

Submitted October 5, — Decided November 26, 1900.

Certiorari. Before Judge Henry. Floyd superior court. March term, 1900.

*Henry Walker*, for plaintiff in error.    *Dean & Dean*, contra.