## JOHNSON *et al. v.* WINKLES.

This case is controlled by the well-settled rule, that the discretion of the trial judge in granting a first new trial will not be controlled, unless the verdict rendered was demanded by the evidence.

Argued November 19, — Decided December 14, 1903.

Levy and claim. Before Judge Bartlett. Haralson superior court. April 16, 1903.

*Griffith & Weatherly,* for plaintiffs. *W. R. Hutcheson,* contra.

COBB, J. This was the first grant of a new trial in a claim case in which the property was found subject. The plaintiffs in execution insist that the verdict was demanded, because their evidence made a prima facie case by showing possession in the defendant in execution since the judgment, and the uncontradicted evidence showed that if the claimant had title at all, he acquired it after the levy. This may be conceded, but there was a direct conflict in the evidence as to whether the defendant had been in possession of the property since the judgment. A witness for the plaintiffs testified that he had, but there was evidence for the claimant authorizing a finding that he had not. The claimant testified that the mule levied on had never belonged to Neil, the defendant in execution, but was owned by one Riddlespurger. He then testified : " The day the mule was levied on, Will Riddlespurger was in Cedartown with the mule. The deputy sheriff did not see the mule the day it was levied on." And also that " Will Riddlespurger had the mule in his possession all the time from the time the mule was purchased until it was taken possession of by the bailiff, the officer from whom I got the mule." The purchase referred to took place before the levy of the execution involved in this case, and the possession by the bailiff was by virtue of the levy of another execution, made after the levy to which the claim was filed. It thus appears that there was ample

evidence to warrant a finding that the presumption of title in the plaintiffs in execution, arising from evidence of possession in the defendant since the judgment, had been rebutted. The jury would therefore have been authorized to find that the plaintiffs had failed to make out their case. The well-settled rule, that the first grant of a new trial will not be interfered with, unless the verdict was demanded by the evidence, is applicable. It is not necessary to determine now what disposition should be made by the sheriff of the property in controversy in the event a verdict should be rendered finding the property not subject on a similar state of facts as that disclosed by the present record.

*Judgment affirmed     All the Justices concur.*