*F. P. Longley* and *Isaac Jackson,* contra.

---

THOMPSON *v.* HAYS.

1. Where a certificate to a bill of exceptions is undated, it will be presumed that an acknowledgment of service appearing on the bill of exceptions was made after the bill of exceptions was certified by the judge and within ten days thereof.

2. Even if in a case at law the judge has a discretion to continue a case more than one time for any cause at the instance of the same party, it would have been an abuse of discretion to grant a continuance in the present case ; and it was therefore error to sustain a ground of a motion for a new trial assigning error upon the refusal to grant a continuance.

Submitted April 25, — Decided May 15, 1905.

Complaint. Before Judge Hodnett. City court of Carrollton. December 5, 1904.

After the reversal of a former judgment in this case (119 *Ga.* 167), there was another trial, which resulted in a verdict against the defendant; and his motion for a new trial was granted, solely on the ground that the court erred in refusing to continue the case on account of the non-return of interrogatories. The plaintiff excepted. From the motion for a new trial it appears that in support of his motion to continue the case the defendant testified, that he expected to prove by Weathers, the witness whose interrogatories had not been returned, that Weathers was his partner in the contract on which the suit was brought, and was present when it was made; that the interrogatories were sued out while Weathers was living in Clay county, Alabama, and were executed, but an objection to their return was sustained by the court; that he afterwards learned that Weathers had moved to Birmingham, Alabama; that he "sent $5 to Weathers while in Clay county, Alabama, to pay for having interrogatories executed and returned;" that the motion for a continuance was not made for delay only; that he expected this evidence at the next term, and could not safely go to trial without it; that he had no other witness by whom he could prove the same facts; and that the case had been once before continued at the defendant's instance on account of the non-return of interrogatories of another witness. The defendant's attorney stated in his place, that when he learned that Weathers had left Clay county, Alabama, and had gone to Birmingham, he notified counsel for the plaintiff; that the plaintiff's counsel nominated two commissioners at Birmingham, one of whom was Mr. Washington; that he sent the interrogatories by mail to Mr. Washington, with the address of the witness, and requested him to execute the interrogatories in connection with the other commissioner; and that no money was sent to Mr. Washington. Counsel for the plaintiff, by way of counter-showing, stated in his place, that, a few days before, he was in Birmingham and saw the witness, Weathers, and Mr. Washington; that Mr. Washington had the interrogatories, and showed him a letter from the defendant's counsel, in which he stated that he supposed the plaintiff would pay for the execution of the interrogatories; that Mr. Washington asked plaintiff's counsel what to do about executing the interrogatories, and he replied that he did not know, as he had nothing to do with them.

The certificate to the bill of exceptions.is not dated; and there was a motion to dismiss the writ of error, because it does not affirmatively appear that the service of the bill of exceptions was made after the signing of the certificate by the presiding judge, nor that the service of the bill of exceptions was within ten days after the bill of exceptions was signed.

*E. S. Griffith* and *James Beall,* for plaintiff in error. .

*W. F. Brown.* contra.

COBB, J. 1. Both grounds of the motion to dismiss the writ of error are without merit. *Porter* v. *Holmes,* 122 *Ga.* 780; *McCain* v. *Bonner,* Id. 842.

2. The rule laid down in the code in reference to a continuance for the non-return of interrogatories is as follows: "When a commission issues to examine a witness, it not having been returned shall be no cause for a continuance, unless the party seeking the continuance will make the same oath of the materiality of the testimony as in the case of an absent witness, and the party must show due diligence in suing out and having the same executed." Civil Code, § 5136. The showing in the present case seems to comply with the requirements of the law, except as to the diligence exercised by the defendant in securing the return of the interrogatories. We think it was fatally lacking at this point. It was certainly not an act of diligence to rely upon the opposite party to pay the fees of the commissioners, even though such commissioners were nominated by him. The law gives the right to the opposite party to select two commissioners, one of whom must act in the execution of the interrogatories; but we know of no law which authorizes the party suing out the interrogatories to rely upon his adversary to pay the expenses of interrogatories taken out in his own behalf. Even if the judge has any discretion to grant a second continuance in a case at law, at the instance of the same party (Civil Code, § 5126), we think that the showing in this case was insufficient, and that the granting of a new trial, which was in effect the granting of a second continuance, was an abuse of discretion.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*