ATLANTIC AND BIRMINGHAM RAILWAY COMPANY *v.* COBB.

FISH, C. J. This case is controlled by the well-settled rule, that where it does not appear that the verdict was demanded under the law and the evidence, the first grant of a new trial will not be disturbed, though based on a specified ground of the motion, without regard to the merit of such ground. *Smith* v. *Hightower,* 123 *Ga.* 110.

*Judgment affirmed. All the Justices concur.*

Submitted February 28,—Decided March 24, 1906.

Action for damages. Before Judge Littlejohn. Dooly superior court. January 25, 1905.

*Rosser & Brandon, J. L. Sweat,* and *Crum & Jones,* for plaintiff in error.

*J. H. Hall, Busbee & Busbee,* and *Warren Roberts,* contra.

---

WALL, executor, *v.* MOULTON.

EVANS, J. 1. On the trial of a case in which the contested issue is whether or not the defendant entered into the contract declared on, it is not permissible for the plaintiff to make proof of implied admissions of liability thereunder, made by the defendant pending negotiations for a settlement by way of compromise; nor is the plaintiff at liberty to show, as an independent fact, that immediately after their conference the defendant stated to a disinterested person that a compromise had been agreed on, "but he had decided that he wasn't going to pay [the plaintiff] a cent, and was going to keep the money to fight him with."

2. No error was committed by the trial judge in rejecting testimony offered by the plaintiff, nor in failing to charge the jury on the subject of implied admissions arising from silence or other conduct, nor in declining to set aside the verdict in favor of the defendant on the ground that the evidence did not establish his defense.

*Judgment affirmed. All the Justices concur.*

Argued March 2,—Decided March 24, 1906.

Attachment. Before Judge Littlejohn. Schley superior court. May 10, 1905.

*W. P. Wallis* and *C. R. McCrory,* for plaintiff.

*W. B. Short* and *G. P. Munro,* for defendant.