## COX v. GRADY.

"If the verdict was not demanded by the law and the evidence, the Supreme Court will not disturb the first grant of a new trial, though it was put upon a single ground; nor will it determine whether the trial court was right in granting the motion on the special ground."

Argued November 11, 1908.—Decided April 14, 1909.

Complaint. Before Judge Pendleton. Fulton superior court. March 7, 1908.

*B. F. Abbott* for plaintiff. *Rosser & Brandon,* for defendant.

Evans, P. J. This is a suit by an attorney at law against his client for professional services. There was a sharp conflict in the evidence relative to the amount of compensation to be paid under the contract of employment. The jury returned a verdict for the plaintiff. The defendant moved for a new trial, which the court granted in the following order: "Upon hearing the within motion, it is ordered that the same be granted on the 9th and 10th grounds of the amended motion for new trial, and on those grounds alone." The plaintiff excepted to the grant of a new trial.

1. The preliminary question to be determined is the scope of an assignment of error which complains of the first grant of a new trial upon special grounds. There seems to be a divergence of opinion in the reported cases prior to the adoption of the Code of 1895, as to the exact point or points for decision presented by an assignment of error of this character. In *Everett* v. *Southern Express Co.,* 45 *Ga.* 303, it was ruled, that when a motion for a new trial contains several grounds, and the court grants a new trial on one of the grounds, overruling the others, and the bill of exceptions is filed to his judgment, the Supreme Court will inquire if the judgment be right in granting a new trial, and, if that be right on any of the grounds taken in the motion, this court will affirm the judgment, notwithstanding the court may have erred in the ground on which he placed the judgment. To the same effect is *Reid* v. *Whitfield,* 48 *Ga.* 187; *Whitaker* v. *Groover,* 54 *Ga.* 174. In cases of which the foregoing are typical, the reviewing court refused to be limited to the merit of the special ground upon which the trial judge rested his action in deciding whether the first grant of a new trial should be disturbed. A few years afterwards it was held, in *Long* v. *Bullard,* 69 *Ga.* 678, that the grant of a new trial upon one of the various grounds of the motion was in

legal effect a denial of the motion on all the other grounds, and such a judgment as from which the defendants might have taken a bill of exceptions directly to this court and had all the law points settled. Following this decision it was ruled that where a new trial was granted on one ground of the motion, the only question before the Supreme Court is whether the court erred in granting the motion on that ground. *Singleton* v. *Southwestern R.*, 70 *Ga.* 464 (48 Am. R. 574); *Ga. R.* v. *Letchworth*, 73 *Ga.* 88; *Krogg* v. *A. & W. P. R.*, 77 *Ga.* 202 (4 Am. St. R. 77); *Nixon* v. *Christie*, 84 *Ga.* 469 (10 S. E. 1087). In these two latter cases a judgment granting a new trial upon a special ground was reversed because such special ground was without merit. At the time of these decisions the statute law on the subject of the grant of a new trial was as follows: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." Code of 1882, §3717. "In all applications for new trials on grounds not provided for in this code, the presiding judge must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts." Code of 1882, §3718. In many of the earlier decisions no distinction is made between the first and subsequent grants of a new trial. It was frequently declared that since the abolition of appeals in the superior court from one jury to another, the first grant of a new trial was to be favored, and the discretion of the trial judge would not be interfered with except where manifestly abused. So the rule was formulated that "the first grant of a new trial will not be reversed by this court, unless the plaintiff in error makes it appear from the record that the judge abused his discretion in granting it, and that the law and facts require the verdict, notwithstanding the judgment of the presiding judge." *Sparks* v. *Noyes*, 64 *Ga.* 437. The headnote of this decision was incorporated as section 5585 of the Civil Code of 1895. This section was construed in *Johnson* v. *Ga. R. Co.*, 102 *Ga.* 577 (27 S. E. 681), where it was held that the first grant of a new trial by a trial judge, whether upon general or special grounds, will not be disturbed unless upon looking through the record of the entire case it can be judicially determined, not only

that the judge abused his discretion, but that upon the record as a whole the verdict as to each material issue involved in the case was demanded by the law and the evidence. There has been a uniform adherence to this construction in all of the decisions pronounced by this court since the decision in that case. *Weinkle* v. *Railroad Co.,* 107 *Ga.* 367 (33 S. E. 471) ; *Watson* v. *Equitable Mtg. Co.,* 112 *Ga.* 253 (37 S. E. 363) ; *Harvey* v. *Bowles,* 112 *Ga.* 363 (37 S. E. 363) ; *McCain* v. *College Park,* 112 *Ga.* 701 (37 S. E. 971) ; *Brantley* v. *Bank of Waycross,* 112 *Ga* 532 (37 S. E. 737) ; *Carter* v. *Dunson,* 113 *Ga.* 374 (38 S. E. 830) ; *Thornton* v. *Travelers' Ins. Co.,* 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99) ; *Cordray* v. *Savannah R. Co.,* 117 *Ga.* 464 (43 S. E. 765) ; *Johnson* v. *Wilkins,* 119 *Ga.* 262 (46 S. E. 99) ; *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831) ; *Walker* v. *Hughes,* 120 *Ga.* 1079 (48 S. E. 387) ; *Solomons* v. *Merchants &c. Co.,* 121 *Ga.* 88; (48 S. E. 687) ; *Elliott* v. *McCalla,* 123 *Ga.* 26 (50 S. E. 960) ; *Smith* v. *Hightower,* 123 *Ga.* 110 (51 S. E. 28) ; *Thompson* v. *Hay,* 123 *Ga.* 110 (51 S. E. 33) ; *A. & B. Ry. Co.* v. *Cobb,* 125 *Ga.* 121 (53 S. E. 591) ; *Ogletree* v. *Livingston,* 125 *Ga.* 548 (54 S. E. 625) ; *W. & A. R. Co.* v. *Callaway,* 127 *Ga.* 125 (56 S. E. 105) ; *Livingston* v. *Ogletree,* 127 *Ga.* 205 (56 S. E. 283) ; *Phœnix Duster &c. Co.* v. *Allen-Holmes Co.,* 127 *Ga.* 458 (56 S. E. 513) ; *Malcolm* v. *Dobbs,* 127 *Ga.* 487 (56 S. E. 622) ; *Bagley* v. *Shumate,* 128 *Ga.* 78 (57 S. E. 99) ; *Armour* v. *Burkhalter,* 130 *Ga.* 370 (60 S. E. 850). The rule has been even more strongly stated. For instance, it was said in *Mock* v. *Savannah & Statesboro R. Co.,* 122 *Ga.* 385 (50 S. E. 121), that if the verdict was not demanded by the law and the evidence, the Supreme Court will not disturb the first grant of a new trial, though it was put upon a special ground, nor will it determine whether the court was right or not in granting the motion on a special ground. Again, it was announced in *Macon Con. St. R. Co.* v. *Jones,* 116 *Ga.* 351 (42 S. E. 468), that unless the verdict rendered was absolutely demanded by the evidence, this court will not undertake to decide whether or not the trial judge abused his discretion in granting a first new trial, even though the grant thereof was based solely upon a single question of law in determining which it was unnecessary to consider the evidence in the case.

It is urged by counsel for the plaintiff in error that it does not appear from the record that this is the first grant of a new trial,

and therefore the court can not assume the existence of a fact not disclosed by the record. The reply to this contention is obvious. Looking to the record it does not appear that there were former trials of the case, and this court can not assume that such was the fact. So far as we are informed by the record there was only one trial of the case. If there had been former trials, and verdicts set aside on motions for new trials, it was incumbent upon the plaintiff in error to make such appear in the preparation of his record. We are therefore bound to assume that this is the first grant of a new trial. The evidence was conflicting; and following the plain mandate of section 5585, and the decisions of this court since its incorporation in the Code of 1895, we will refuse to set aside a judgment granting a new trial for the first time, upon conflicting evidence, although the judge may have based his judgment granting a new trial solely upon an alleged error of law, which in point of fact may not have been a substantial error.

*Judgment affirmed. All the Justices concur.*