*W. E. Mann* and *W. C. Martin,* contra.

---

## SMITH *v.* MADDOX-RUCKER BANKING COMPANY.

Where the verdict was not demanded by. the law and evidence. the Supreme Court will not disturb the first grant of a new trial, though it was upon a single ground, nor will it determine whether the trial court was right in granting the motion on a special ground. This is a rule without an exception.

SEPTEMBER 23, 1910.

The Court of Appeals certified to the Supreme Court the following questions:

"1. Has the judge of a trial court, upon a motion for new trial containing the usual grounds and a further general ground that the verdict is excessive, the power to set aside the verdict in a case of libel, slander, or in other similar cases in which the sole measure of the damage is the enlightened conscience of the jury, when in his opinion the verdict is unreasonably too large, although there is nothing in the record to show that the verdict is the result of gross mistake or undue bias?

"2. Where the jury returns a verdict in a case of the kind mentioned above, and the trial judge sets it aside on the ground that in his opinion it is excessive, and it is the opinion of this court that the verdict is not so large as to raise the inference that it was the result of gross mistake or bias or prejudice, is it proper

that this court reverse the judgment of the trial court awarding the first grant of a new trial on this ground alone,—there being undisputed evidence tending to show that the plaintiff is entitled to recover in some amount (see *Holland* v. *Williams,* 3 *Ga. App.* 636 (60 S. E. 331), and cases cited therein, and *Brown* v. *Autrey,* 78 *Ga.* 756 (3 S. E. 669), and cases cited)?

"3. Is an action by a depositor against a bank for dishonoring a check drawn by him upon the bank against adequate funds, out of which the bank should have paid it, within the rule of damages and of discretion or lack of discretion (as the case may be found to be) referred to in the foregoing questions—the refusal of the bank not being wilful or malicious, but merely the result of a mistake or simple negligence on its part; and no special damages being shown?"

*R. B. Blackburn,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

BECK, J. We are of the opinion that the rule announced in the case of *Cox* v. *Grady,* 132 *Ga.* 368 (64 S. E. 262), is comprehensive enough to embrace cases of the character of the instant case to which the certified questions relate. The ruling there announced answers in the affirmative the first and third questions, and requires an answer in the negative to the second question; and the scope of the discussion in the opinion and in the cases cited in the *Cox* case render further argument unnecessary. We are satisfied with the reasoning in that case and in the case of *Holland* v. *Williams,* 3 *Ga. App.* 636 (60 S. E. 331).

*All the Justices concur, except Lumpkin, J., disqualified.*