### 12020.   GRESHAM v. LEE.

STEPHENS, J. 1. The first grant of a new trial, whether on motion made in the court in which the trial was had or on certiorari, will always be affirmed unless the verdict and judgment rendered were as a matter of law demanded. This is true even though the new trial was granted upon some ground other than the discretionary grounds, and even though the judge in granting the new trial had no jurisdiction to pass upon the discretionary grounds, and even though the court may have committed error in passing upon the specific ground upon which it awarded a new trial. See in this connection, *Weinkle* v. *Brunswick & Western R. Co.,* 107 Ga. 367 (33 S. E. 471); *Cox* v. *Grady,* 132 Ga. 368 (64 S. E. 262).

2. Where a petition for certiorari excepts to a verdict and judgment rendered in the municipal court of Atlanta when no motion for a new trial was made in that court, and the verdict and judgment are excepted to as being contrary to the weight of the evidence, and also excepted to as being unsupported by any evidence, the judgment of the superior court granting a new trial will, if it be the first grant of a new trial, be affirmed in this court when the verdict and judgment rendered were not as a matter of law demanded, even though the judge of the superior court had no jurisdiction, under the rulings in *Gresham* v. *Lee*, 152 *Ga.* 829 (111 S. E. 404), to set aside the judgment and award a new trial upon the first assignment of error in the petition for certiorari, viz., that the verdict and judgment were contrary to the weight of the evidence; and this is true even though it was error to reverse the judgment of the municipal court upon the ground that the verdict and judgment were unsupported by the evidence.

3. There being a valid assignment of error in the petition for certiorari viz., that the verdict and judgment were unsupported by the evidence, and it appearing that the verdict and judgment rendered in the municipal court of Atlanta were not demanded as a matter of law, as ruled by the Supreme Court in answer to certified questions in this case (152 *Ga.*, supra), the judgment of the superior court, sustaining the certiorari and awarding a new trial, is affirmed.

　　　*Judgment affirmed. Hill, J., concurs, Jenkins, P. J., dissents.*
　　　　　　　　DECIDED MAY 23, 1922.

Certiorari; from Fulton superior court — Judge George L. Bell. October 27, 1920.

*Neufville & Neufville,* for plaintiff.

*Ernest Buchanan,* for defendant.

JENKINS, P. J., dissenting. There is no difference of opinion between my colleagues and myself as to the meaning of the rulings made by the Supreme Court in answer to the questions certified to it in this case. I differ with them only as to the effect of these rulings. As I see it, they require that the judgment of the superior court, setting aside the finding rendered in the municipal court of Atlanta, should be reversed, so that the finding and judgment for the plaintiff in the municipal court should stand as rendered.

In response to questions propounded to it in this case, the Supreme Court has held that, where property has been listed for sale with two or more real-estate brokers, and one of them, with the knowledge of the owner, has interested a customer in the purchase, and, while the negotiations with such broker are still pending, the owner proceeds to close the sale with the same customer through another broker, the second broker being the first

37

to present the customer as ready, able, and willing to buy and actually offering to buy at the price and on the terms stipulated by the owner, the efforts of the second broker in thus actually closing the trade cannot, as a matter of law, be regarded as the procuring cause of the sale, so as to exclude the first broker's claim against the owner for commissions, although it may further appear that the owner, pending such negotiations, has committed no act of bad faith between the brokers and there has been no interference by him in favor of the second broker. Under this ruling, since the question as to which broker was the actual procuring cause of the sale cannot thus be adjudged as a matter of law, but remains a question of fact, governed by the particular circumstances of the case, the owner, under such circumstances, proceeds at his peril in effecting the sale and paying the commissions to the second broker actually closing the sale. *Gresham* v. *Lee,* supra.

The plaintiff in the municipal court, who was the first broker, obtained a judgment in his favor against the owner for the commissions, and the judge of the superior court sustained a certiorari and granted a new trial. The grounds contained in the petition for certiorari are but two: (1) that the finding and judgment of the municipal court is contrary to the weight of the evidence; and (2) that it is contrary to law as being without any evidence to support it. The petition for certiorari was sustained generally, and a new trial granted without seeking to base the decision upon either ground.

The questions for our consideration are: (1) was the judge in the instant case authorized to set aside the finding and judgment of the municipal court and grant a new trial upon the ground of certiorari that the judgment was against the weight of the evidence; or (2) that it was contrary to law as being without evidence to support it; and (3) if he was not so authorized upon either of the grounds set forth, must his erroneous judgment be nevertheless affirmed by this court solely as a matter of appellate policy, under the general rule, and for the same reason underlying it, that the evidence did not demand a finding in favor of the prevailing party, even though the case be one where the judge was not permitted to entertain or consider any question relating to the weight of the evidence? It is only as to this last proposition that any difference exists between my colleagues and myself.

In regard to the first of these propositions, the Supreme Court has held, in response to another question propounded to it in this case, that, under subdivisions (a) and (b) of section 42 of the act creating the municipal court of Atlanta, a petitioner in certiorari from that court, " who has made no motion for a new trial, nor appealed to the appellate division thereof, has no right to urge that a finding and judgment in that court, on a trial without a jury, is contrary to the weight of the evidence." *Gresham* v. *Lee,* supra. It thus appears that the judge of the superior court was without jurisdiction even to entertain or consider the first of the two assignments of error contained in the petition for certiorari. This being true, his judgment granting a new trial therein could not have been based on that ground.

In regard to the second of the propositions we are now considering, it was and is a question of law whether a verdict contrary to the one rendered in the municipal court was or was not demanded. As was said by Justice Cobb in *Toole* v. *Edmondson,* 104 *Ga.* 776, 782 (31 S. E. 25), "if upon considering the entire evidence, whether it be derived from an agreed statement of facts, oral testimony, documents, or other source, it would be proper, if the case were on trial in the superior court, for the judge to direct a verdict, a question of law only would be involved." The Supreme Court has already adjudicated that " under the facts stated in the questions propounded by the Court of Appeals, it cannot be said, as a matter of law, that a finding was demanded in favor of either of the brokers, it being, under said facts, a question of fact as to which broker was the procuring cause of the sale and therefore entitled to commissions." Nothing contained in the record outside of the facts stated in the question propounded could possibly authorize this court to say that a judgment in favor of the losing party was demanded. Since the facts there stated do not demand a judgment in his favor, there is nothing else in the record which can. Indeed, it is intimated by the Supreme Court that, considering the record as a whole, the judgment as actually rendered might have been demanded. It follows that, since, as a matter of law, the verdict rendered was not without evidence to support it, the judge of the superior court was not authorized to grant a new trial on this the second ground contained in the petition for certiorari.

This brings us to the third and last proposition which we are now considering, and the only one about which I differ with my colleagues, viz., must the unauthorized grant of a new trial be sustained and the erroneous judgment be affirmed by this court purely as a matter of appellate policy, under the general rule and for the same reason which underlies it, to wit, because the evidence does not demand a finding in favor of the prevailing party, even though in the case at bar the Supreme Court has decided that the judge of the superior court was not authorized to entertain or consider any question relating to the weight of the evidence.

It is well settled that a judgment sustaining a certiorari for the first time is " equivalent to the first grant of a new trial," and that the discretionary powers of the judge there stand upon the same footing as that of a trial judge under section 6204 of the Civil Code (1910). *Strickland* v. *Reese,* 110 *Ga.* 263 (34 S. E. 275.) ; *Ferry* v. *Mattox,* 118 *Ga.* 146 (44 S. E. 1005) ; *Savannah Ry.* v. *Fennell,* 100 *Ga.* 474 477 (28 S. E. 437) ; *Shirley* v. *Swafford,* 119 *Ga.* 43 (2), 44 (45 S. E. 722) ; *Formby* v. *Smith,* 69 *Ga.* 769 ; *Cox* v. *Snell,* 77 *Ga.* 469. The first general grant of a new trial will be affirmed whenever it is possible to affirm it upon any satisfactory ground contained in the motion (*Comer* v. *Grannis,* 66 *Ga.* 255 ; *Reid* v. *Whitfield,* 48 *Ga.* 187 ; *Taylor* v. *Central R. &c. Co.,* 79 *Ga.* 330 (3), 5 S. E. 114 ; *Rowe* v. *Sam Weichselbaum Co.,* 3 *Ga. App.* 504, 60 S. E. 275) ; and it will be affirmed on the general grounds whenever the evidence is in conflict, even though it may appear that the judge has sought to base his decision upon some particular legal ground of the motion such as would render unnecessary a consideration of the evidence under the general assignments. *Cox* v. *Grady,* 132 *Ga.* 368, 370 (64 S. E. 262) ; *Macon Consolidated Street Ry. Co.* v. *Jones,* 116 *Ga.* 351 (42 S. E. 468) ; *Weinkle* v. *Brunswick R. Co.,* 107 *Ga.* 367, 368 (33 S. E. 471). But in no case can the grant of a new trial be made or affirmed except upon some ground actually set forth by the movant, since the judge " is confined to the grounds alleged in the motion." *Shipley* v. *Eiswald,* 54 *Ga.* 520 ; *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462, 465 (28 S. E. 241) ; *Turner* v. *Pearson,* 93 *Ga.* 515, 519 (21 S. E. 104) ; *Taylor* v. *Central R. &c. Co.,* supra ; *Ga., Fla. & Ala. Ry. Co.* v. *Fla. &c. Tobacco Co.,* 10 *Ga. App.* 38 (2) (72 S. E. 511). This rule is equally appli-

cable in cases of certiorari. Section 5199 of the Civil Code (1910) provides: "No ground of error shall be insisted upon, on the hearing, which is not distinctly set forth in the petition." *Fouché* v. *Morris,* 112 *Ga.* 143 (2) (37 S. E. 182) ; *Brown* v. *Alexander,* 112 *Ga.* 247 (37 S. E. 368) ; *Perry* v. *Brunswick Ry. Co.,* 119 *Ga.* 819 (47 S. E. 172) ; *Citizens Bkg. Co.* v. *Paris,* 119 *Ga.* 517, 518 (46 S. E. 638) ; *Taft Co.* v. *Smith,* 112 *Ga.* 196 (2) (37 S. E. 424) ; *Burruss-Manley Co.* v. *Lewis,* 8 *Ga. App.* 552 (2) (70 S. E. 27).

Ordinarily, in motions for a new trial, it is not only the power, but the mandatory duty, of the judge in passing upon the general grounds to exercise his discretion as to the weight of the evidence, and his failure so to do will effect a reversal. As was said in *Thompson* v. *Warren,* 118 *Ga.* 644, 645 (45 S. E. 912) : "When the evidence is conflicting, applications for new trials upon the ground that the verdict is contrary to the evidence, or contrary to the weight of the evidence, or decidedly and strongly against the weight of the evidence, are addressed to the sound legal discretion of the trial judge. The law imposes upon the trial judge the duty of exercising his discretion in all such cases. . . When it appears from the record that the trial judge in overruling the motion for a new trial has not exercised this discretion, the judgment overruling the motion will be reversed. . . The law not only vests the trial judge with a broad discretion in the matter of granting new trials, especially on the first application, but, where the evidence is conflicting, the judgment of the trial judge on this question is generally conclusive. In no case can this court reverse the judgment refusing a new trial, when the evidence is conflicting and no error of law has been committed, where the evidence has been approved by the trial judge in the exercise of the discretion vested in him by law, unless it is manifest that this discretion has been abused; and it has never been held that this discretion has been abused in any case where there was any evidence to authorize the verdict." See also *Central of Ga. Ry. Co.* v. *Harden,* 113 *Ga.* 453, 461 (38 S. E. 949) ; *Cotton States Seed Co.* v. *Macon &c. R. Co.,* 23 *Ga. App.* 206, 211 (98 S. E. 108). Upon the breadth of this discretion in evidential matters and upon the reluctance of the appellate courts to interfere, as a matter of law, the rule with reference to the non-interference with grants and refusals of new

trials has its origin and basis. Section 6204 of the Civil Code of 1910 (§ 5585 of the Code of 1895), which is a codification of the rule stated in *Sparks* v. *Noyes,* 64 *Ga.* 438, and in *Merriam* v. *Atlanta,* 61 *Ga.* 223, 224, provides as follows: "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."

It is upon this same principle that the general rule has been established that the sustaining of a certiorari for the first time will not be interfered with, unless the verdict as rendered was absolutely demanded, since, as has been already stated, such action "is equivalent to the first grant of a new trial." *Strickland* v. *Reese,* and *Shirley* v. *Swafford,* supra. This discretion of the trial or superior-court judge does not, however, contemplate that it be so exercised as to exceed or transcend State statutes. As plainly appears in *Merriam* v. *Atlanta,* supra, it is a discretion based upon the law and the facts in evidence. It is only because it is the general rule governing motions for new trials that the judge can and should exercise his discretion "when the verdict of a jury is found contrary to evidence and the principles of justice and equity," or where the verdict "may be decidedly and strongly against the weight of evidence, although there may appear some slight evidence in favor of the finding" (Civil Code, §§ 6082, 6088), that the rule of appellate policy either on motion for new trial or certiorari refuses to disturb the first grant of a new trial unless the judgment rendered was absolutely demanded. Thus, under the general rule, the appellate courts go no further than to ascertain whether or not the verdict was demanded; and if not, the judge will be presumed to have exercised the discretion which belonged to him in considering the general grounds, and his judgment will be upheld even though he has sought to assign some other and different legal ground as the basis of his decision. That this is the underlying principle of the rule in ordinary cases of certiorari clearly appears from many of the decisions, where the only question determined by the superior-court judge was his disapproval of the verdict under the conflicting evidence. *Mathews* v. *Parker,* 124 *Ga.* 144 (52 S. E. 322) ; *Crapp* v. *Morris,* 108 *Ga.* 793 (2) (33 S. E. 951) ; *Ferry* v. *Mattox,* supra; *Savannah Ry.* v. *Fennell,* supra; *Telford* v. *Coggins,* 76 *Ga.* 683 (3), 684.

Since, therefore, the discretion of the judge is a discretion based upon the law and the statutes, and since the law governing certiorari from this particular municipal court, under the circumstances indicated in the question propounded, is not the law governing certiorari in general, the general rule based upon the general law does not have application. Contrary to such general rule, the superior-court judge did not have any sort of discretion, under the procedure taken in this case, to pass upon the weight or conflict of evidence, and consequently the fact that the evidence may have raised an issue in the trial court has no bearing whatever upon the question whether the erroneous judgment of the superior court should be allowed to stand. If, as has been shown, it cannot possibly be sustained upon the only ground that the judge was authorized to entertain, it can receive no aid for any reason which neither he nor this court has any right to consider. While, under the general rule, the first grant of a new trial will be upheld whenever there is a conflict in the evidence, because the judge is entitled to the exercise of his discrtion under the general grounds in reference to the weight of the evidence, this is no sort of reason why a conflict of evidence, with respect to which the judge has no jurisdiction or discretion, can support a judgment which cannot stand upon any of the stated grounds to which his jurisdiction was limited. Since a judgment rendered in a trial court cannot be set aside on certiorari except upon some valid assignment of error contained therein, it follows that where the judge of the superior court is without jurisdiction to entertain one of the assignments, and the remaining ground is without merit as a matter of law, the certiorari should be overruled. No rule of appellate court policy would authorize the affirmance of a judgment which is *necessarily* erroneous as a matter of law. The general rule just referred to, whereby the first grant of a new trial on motion or on certiorari will be upheld unless a verdict for the prevailing party in the trial court was demanded, is based upon the principle and theory that in ordinary cases the grant of the new trial need not necessarily be erroneous, and wherever the judge is expected and required to exercise his discretion under the general grounds on the weight of conflicting evidence, it cannot be held erroneous as a matter of law.

It is, therefore, the opinion of the writer that, in a certiorari

from the municipal court of Atlanta, where one of the two assignments of error is to the effect that the judgment rendered in the trial court is contrary to the weight of the evidence, and the other that it is contrary to law as being without evidence to support it, and where, under the rulings of the Supreme Court, the judge of the superior court was without jurisdiction to entertain the first assignment, and the second assignment was without merit as a matter of law, the certiorari should have been overruled; and that, since the judgment sustaining the certiorari is necessarily erroneous as a matter of law, it should be reversed and not affirmed.