### 12915.  HICKS v. SMITH.

JENKINS, P. J.  1. The judge of the superior court refused to sanction a petition for certiorari from an order of a justice's court dismissing a possessory warrant obtained by a landlord against his cropper. As to the first and second assignments of error, it appears that other evidence of the same tenor and effect as that to the admission of which exception is taken was admitted without objection, and therefore the petitioner cannot be heard to complain. *Copeland* v. *Ruff*, 20 *Ga. App.* 217 (92 S. E. 955); *City of Thomasville* v. *Crowell*, 22 *Ga. App.* 383, 384 (2) (96 S. E. 335).

2.  "No ground of error shall be insisted upon on the hearing" of a certiorari "which is not distinctly set forth in the petition." Civil Code (1910), § 5199. Since a mere general assignment in a petition for certiorari, to the effect that the dismissal was erroneous, does not properly present any question for determination (*Papworth* v. *City of Fitzgerald*, 111 *Ga.* 54, 36 S. E. 311; *Taft Co.* v. *Smith*, 112 *Ga.* 196 (2), 37 S. E. 424), and since there is no assignment that the judgment was contrary to law as being without evidence to support it, that question cannot be here considered. *Ga., Fla., & Ala. Ry. Co.* v. *Fla. &c. Tobacco Co.*, 10 *Ga. App.* 38 (2) (72 S. E. 511).

No meritorious assignment appearing, there was no error in denying the writ.            *Judgment affirmed.    Stephens and Hill, JJ., concur.*

DECIDED MAY 23, 1922.

Petition for certiorari; from Johnson superior court — Judge Kent.  September 2, 1921.

*H. T. Hicks, A. L. Hatcher,* for plaintiff.

*B. B. Blount,* for defendant.