21823.   TANNER *v.* LOUISVILLE & NASHVILLE RAILROAD CO. *et al.*

STEPHENS, J. 1. Whatever may be the true rule applicable upon a review of the first grant of a new trial where the new trial was granted upon a special ground, it is nevertheless true that when a first new trial has been granted expressly upon the ground that the verdict is contrary to law and without evidence to support it, this court will affirm the judgment where the verdict rendered was not as a matter of law demanded. *Rowe* v. *Twiggs County*, 152 *Ga.* 548 (110 S. E. 303); *Cox* v. *Grady*, 132 *Ga.* 368 (64 S. E. 262); *Weinkle* v. *Brunswick &c. R. Co.*, 107 *Ga.* 367 (33 S. E. 471); *Gresham* v. *Lee*, 28 *Ga. App.* 576 (112 S. E. 524); *Johns* v. *McBride*, 28 *Ga. App.* 686 (112 S. E. 831); Civil Code (1910), § 6204. The decision in *Hiller* v. *Howell*, 74 *Ga.* 174, relates to the grant of a new trial on a special ground, and is therefore distinguishable.

2. This being a suit by a servant against the master to recover for damage to the plaintiff's eye and for a loss of time from work as a result of an injury to his eye, caused by a chip of steel which had become lodged in the plaintiff's eye while he was hammering upon steel at the direction of the defendant's authorized servant, and the evidence being sufficient to authorize the inference that, notwithstanding the defendant's act in ordering the plaintiff to perform the work may have been negligence (although there is no evidence that such direction contained any assurances that the work was safe), the plaintiff knew that, in the performance of the work, chips of steel would fly off, the inference is authorized that the plaintiff had equal means with the master of knowing the danger incident to the work which he was ordered to perform, and that therefore the danger incident thereto was a risk of

the employment which he assumed, and the evidence also being sufficient to authorize the inference that, if the plaintiff's working capacity was impaired as a result of the injury complained of, its impairment was represented by an amount of money in a sum less than that found by the jury for the plaintiff, the verdict found for the plaintiff against the defendant was not as a matter of law demanded. Civil Code (1910), §§ 3130, 3131; *Southern Railway Co.* v. *Taylor,* 137 *Ga.* 704 (73 S. E. 1055). Therefore the judgment of the trial court sustaining the defendant's motion for a new trial, upon the ground that it appears from the evidence that the plaintiff had assumed the risk of his employment, which is necessarily predicated upon the ground that the verdict found for the plaintiff was contrary to law and without evidence to support it, must be affirmed.

*Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1932.

*Isaac S. Peebles Jr., Nathan Jolles,* for plaintiff.
*Cumming & Harper, W. Inman Curry,* for defendant.