MOBLEY, superintendent, *v.* BELL *et al.; et vice versa.*

Nos. 9759, 9769.   November 15, 1933.

*Kennedy & McWhorter* and *H. Cliff Hatcher,* for plaintiffs.

*Joseph Law* and *Fullbright & Burney,* for defendants.

GILBERT, J. Mobley, superintendent of banks, on June 17, 1929, issued an execution to enforce collection from W. D. Bell of $10,318, because of the statutory liability assessed against him as a stockholder in the Peoples Bank of Sardis, which closed April 18, 1929, and was being liquidated. On April 6, 1929, Bell executed to G. D. Perry a deed purporting to convey described property. Perry had been a stockholder and director of the bank, but sold his stock to Bell, and his resignation as a director was accepted on March 14, 1929. Perry was advertising for sale the property conveyed by the security deed made by Bell. The superintendent of banks filed a petition against W. D. Bell, George D. Perry, and Joseph Law, alleging, in addition to what is stated above, that the purported sale of stock of the bank by Perry to Bell was merely colorable; that the stock was never transferred on the books of the bank; that the deed mentioned above was without consideration, or was for a consideration grossly inadequate; that both Perry and Bell knew the bank was about to fail; that the making of the deed rendered Bell insolvent; and that the purported sale of the stock by Perry to Bell and the security deed from Bell to Perry were made in a fraudulent scheme with the intention of defeating, delaying, and defrauding depositors and other creditors of the bank in the collection of their claims. The prayers were for appointment of a receiver to manage the properties conveyed in the security deed; for cancellation of the same; for injunction to restrain the sale; and for general relief. Trial of the case resulted in a verdict and decree cancelling the deed.

Upon one ground only of a motion by the defendants a new trial was granted. Both parties sued out bills of exceptions, the plaintiff complaining of the granting of a new trial, and the defendants complaining that a new trial should have been granted on all grounds of the motion.

This is the first grant of a new trial in the case. The Civil Code (1910), § 6204, provides: "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts required the verdict notwithstanding the judgment of the presiding judge." See 3 Stevens Index-Dig. Ga. R.

2738. In Cox v. Grady, 132 Ga. 368 (64 S. E. 262), it was held: "If the verdict was not demanded by the law and the evidence, the Supreme Court will not disturb the first grant of a new trial, though it was put upon a single ground; nor will it determine whether the trial court was right in granting the motion on the special ground." Special reference is made to the opinion in that case for a discussion of previous decisions bearing on the questions, including earlier decisions holding that the grant of a new trial on one of several grounds of a motion is equivalent to overruling the other grounds. The decision in Cox v. Grady was followed in Smith v. Maddox-Rucker Banking Co., 135 Ga. 151 (68 S. E. 1031). The evidence being in conflict on the main issue, the verdict was not demanded.

■ There being a cross-bill of exceptions containing assignments of error relating to matters which will probably arise at another trial, these issues will be decided. Brookman v. Rennolds, 148 Ga. 721, 724 (98 S. E. 543).

(a) There being conflict in the evidence, as stated above, the discretion of the trial judge will not be controlled as to the grant of a new trial on the general grounds.

(b) The only remaining ground complains that the court erred in permitting a witness for the plaintiff to testify as to a number of facts set forth in this ground. The objection was to the evidence as a whole, some of which was admissible. It follows that the judgment refusing a new trial will not be reversed on this ground. *Judgments affirmed. All the Justices concur.*