37921. STATE HIGHWAY DEPARTMENT *v.* JACKSON.

DECIDED NOVEMBER 17, 1959.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Hugh D. Sosebee,* for plaintiff in error.

*George L. Jackson,* contra.

FELTON, Chief Judge. This is a condemnation proceeding in

which both the condemnor and the condemnee appealed from the award of the assessors in the amount of $3,350. At the trial of the appeal in the superior court the jury returned a verdict for $8,500, for which amount judgment was entered. The court thereafter denied the condemnor's amended motion for new trial and error is assigned thereon.

■ The condemnee testified as follows: "In considering the value of my property and how much I have been damaged as the result of the taking by the State Highway Department, including the water damages and everything in connection with that, it is my opinion that I have been damaged $10,743.36 as a result of the State Highway Department." Also on direct examination, she gave some details concerning the valuation of her property and the nature and amount of her consequential damages. There was no attempt on cross-examination to question her total valuation of her damages or to inquire as to the specific items and amounts which were included therein. Under these circumstances we are not prepared to say that the verdict of the jury, which is for an amount considerably less than her estimate, is unsupported by any evidence. The general grounds of the motion for new trial are therefore without merit.

■ Special grounds 1 through 4 assign error on the admission of lengthy excerpts from the testimony of the condemnee and three other witnesses in her behalf. Certain parts of the testimony were relevant and material; and since the testimony was objected to in its entirety, its admission is not ground for the grant of a new trial, although certain parts of it were irrelevant. *Freeman* v. *Young,* 147 *Ga.* 699 (3b) (95 S. E. 236). The objection was to the evidence as a whole and some of it was admissible. The court therefore did not err in refusing to grant a new trial on these grounds. *Mobley* v. *Bell,* 177 *Ga.* 876, 878 (171 S. E. 701).

■ Special grounds 5 and 6 assign error on the charge of the court relative to the burden of proof and determination of the amount of damages. It is contended that portions thereof are not sound as abstract principles of law and that certain additional instructions on these subjects should have been given.

■

"Where a portion of the court's charge excepted to on the ground that it is not correct as an abstract statement of law contains several distinct propositions of law, some of which are abstractly correct, the exception cannot be sustained." *King* v. *Sharpe*, 96 *Ga. App.* 71 (4) (99 S. E. 2d 283). "It is well settled that, where the court charges generally on a principle of law applicable to the case, if any amplification of such instructions is desired, they should be the subject of a timely written request." *Fievet* v. *Curl*, 96 *Ga. App.* 535, 538 (101 S. E. 2d 181). The portions of the charge here complained of stated correct principles of law, and in the absence of such request, there is no merit in these grounds.

■ Special ground 7 assigns error on the following charge: "In determining the consequential damages, if any, to the property taken, I charge you that you should take into consideration all of the facts and circumstances as to the condition of the property, its surroundings, its improvements, and capabilities. You should take into consideration the cost of moving the house back to the same relative location from the road as existed before the condemnation." This excerpt from the charge, as far as it goes, states a correct principle of law. "Generally all elements of damage resulting from the highway use which render the remainder area less valuable are entitled to consideration. Thus, consideration has been given to the cost of relocating buildings . . ." Nichols on Eminent Domain (3rd Ed.), Vol. 5, § 16.101. There was no request for further instructions on this subject and this ground is not meritorious. *Fievet* v. *Curl*, 96 *Ga. App.* 535, supra.

■ Ground 8 assigns error on the following charge: "I charge you that under our law this is a de novo investigation as to the amount to be paid to the landowner for her property and damages, if you should find damages, and that while you, in arriving at your verdict, are not concerned with the amount of the assessors' award in reaching the verdict, still should you find an amount in excess of the amount of the award by the assessors, the landowner would be entitled to recover interest on the difference between the amount of the award and the amount you find, if such amount should be in excess of the award, from

the date when the award was paid." It is contended that this amounts to an instruction to the jury to include in its verdict interest on any increase over the award of the assessors. Since the court specifically excluded evidence of the amount of this award and advised the jury that they were not concerned with it, we fail to see how it is possible for them to have determined the amount of increase or any interest thereon.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*