### 40997. SCHRIMSHER v. STATE HIGHWAY DEPARTMENT.

706

Decided November 25, 1964.

*Grubbs, Prosser & Burke, Wm. H. Burke,* for plaintiff in error.
*Eugene Cook, Attorney General, Richard L. Chambers, Assistant Attorney General, Raymond M. Reed, G. Conley Ingram,* contra.

EBERHARDT, Judge. ■ The general grounds of the motion for new trial are without merit. The amount of the verdict was supported by and within the range of the testimony. While evidence as to comparable sales should generally be restricted to sales of similar property made "at or near the time of taking," *Flemister v. Central Ga. Power Co.,* 140 Ga. 511 (6) (79 SE 148), whether a sale is so within the proximity of the taking as to throw light upon the value of the land taken is addressed to

the sound discretion of the trial judge, *Aycock v. Fulton County*, 95 Ga. App. 541 (98 SE2d 133) ; *Freedman v. Housing Authority of the City of Atlanta*, 108 Ga. App. 418, 421 (136 SE2d 544) ; *Fulton County v. Elliott*, 109 Ga. App. 775, 777 (137 SE2d 477). We find no abuse of discretion in the admission of sales made some two years prior to the taking since there was evidence that values in the subdivision where the properties sold and condemnee's property were located had not materially changed since prior to the date of the sales testified about. Nor does it matter that this witness's opinion as to value may, in part, rest upon information as to these sales supplied by another. *Gulf Refining Co. v. Smith*, 164 Ga. 811 (4) (139 SE 716).

■ There was no error in admitting the testimony of the witness who described the properties that had been sold, giving the type of construction, the approximate date of construction, the areas of the houses and of the lots, and their location in the same subdivision with condemnee's property, etc. A similar description of condemnee's house and lot was before the jury and they could make a determination as to whether the properties were comparable to that of condemnee. Nor does it matter that the witness so testifying had not been in the condemnee's house and had not seen it prior to its removal from the lot, for he expressed no opinion as to the value of condemnee's property. In these circumstances the ruling of *Georgia Power Co. v. Livingston*, 103 Ga. App. 512 (2) (119 SE2d 802) has no application.

■ There is no merit in the contention that the verdict is illegal because less in amount than the estimate of compensation to be paid contained in the condemnor's declaration of taking. The figure in the declaration is just what it is declared to be, an "estimate." If the condemnee accepts and there is no appeal, the estimate becomes final. But upon appeal to a jury the very issue to be tried is that of value as to the lands taken and consequential damages as to the portion not taken. *State Hwy. Dept. v. Smith*, 219 Ga. 800, 808 (136 SE2d 334). Neither the condemnor nor the condemnee is, upon appeal, bound by any finding of value by assessors or a special master or by any estimate of value by the condemnor in the declaration of taking.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*