41912. STATE HIGHWAY DEPARTMENT v. EDMUNDS.

Argued April 5, 1966—Decided April 12, 1966—
Rehearing denied April 29, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, James H. Wood, Assistant Attorneys General, D. Field Yow, Deputy Assistant Attorney General, Lon L. Fleming,* for appellant.

*Robert E. Knox, Warren D. Evans,* for appellee.

Nichols, Presiding Judge. ■ Twice during the trial of the case the condemnor made motions for a mistrial, once because the trial court allegedly expressed an opinion as to the evidence and once when the condemnee made a statement considered prejudicial by the condemnor. In both instances the trial court overruled the motions but instructed the jury so as to eliminate any injury to the condemnor's case by the allegedly improper statements. Thereafter, no further objection was made by the condemnor and, under the decision of the Supreme Court in *Ivy v. State,* 220 Ga. 699, 704 (141 SE2d 541), and the cases there cited, the trial court did not err in not taking any additional action on the condemnor's motions.

■ Nor did the trial court violate the provisions of *Code* § 81-1104, in ruling on the condemnor's motion to exclude the testimony of Monroe Kimbrel by stating that the weight of the evidence given by such witness was for the jury's determination, after stating that the witness had testified that he was familiar

with the property, and had put a value on it. See in this connection *Chapman v. State,* 23 Ga. App. 359 (98 SE 243), and the numerous cases there cited.

■ During the trial of the case the condemnor made motions, which were overruled, to rule out and exclude the entire testimony of three witnesses for the condemnee. Assuming, but not deciding, that some of the testimony of these witnesses was objectionable, since not all of such testimony could be deemed objectionable, it was not error to overrule such motions. See *State Hwy. Dept. v. Jackson,* 100 Ga. App. 704 (112 SE2d 356); *Mobley v. Bell,* 177 Ga. 876, 878 (171 SE 701); *State Hwy. Dept. v. Whitehurst,* 112 Ga. App. 877, 879 (146 SE2d 910).

Moreover, it was stipulated that each of these witnesses was an expert, qualified to give his opinion as to the value of land in McDuffie County, and each testified that he was familiar with the land being condemned, and based on such knowledge placed an evaluation thereon. No error was committed by the trial court in refusing to exclude such evidence.

■ The sole remaining enumeration of error refers to the refusal of the trial court to rule out testimony of an expert witness wherein the witness testified as to the facts upon which he based his opinion as to the value of the property being condemned based upon rental value. In support of its position the condemnor shows that it objected to such testimony and moved to exclude it because the evidence dealt with a lease and not a sale, there was no evidence as to the terms of the lease and there was no evidence to show that the land leased was in any way (size, dimensions, shape or otherwise), comparable to the property being taken, and that the lease was entered into four or five months after the date of taking and there was no evidence to show that there was not a change in the value of the property during such period.

The witness testified as an expert and as such testified that "rental value" is one basis for determining the value of real estate. Therefore, the objection on this ground was properly overruled (*Lewis v. State Hwy. Dept.,* 110 Ga. App. 845 (140 SE2d 109)), and the fact that the terms of the lease as to duration, etc., were not shown may affect the credibility of the wit-

ness's opinion yet it would not render the evidence inadmissible. Nor is there any merit in the contention that the witness failed to show that the two tracts were comparable where he testified that they were adjacent to each other, the elevations were the same and the dimensions of the two tracts were given, and under the decision in *State Hwy. Dept. v. Rutland*, 112 Ga. App. 792 (146 SE2d 544), it would have been an abuse of discretion for the trial court to exclude the evidence because the lease was entered into four or five months after the date of the taking. While hearsay testimony of value is inadmissible (See *Harper v. Harper*, 220 Ga. 770 (141 SE2d 403)), yet where the witness, an expert, bases his opinion as to value partly upon hearsay, such opinion is not objectionable as being hearsay. See *Powers v. Powers*, 213 Ga. 461 (2) (99 SE2d 818); *Gulf Refining Co. v. Smith*, 164 Ga. 811 (4) (139 SE 716). The distinction is that in the one case the testimony as to value is not the opinion of the witness being examined, while in the other the opinion is that of the witness and is based partly upon the facts which he has heard as well as his own knowledge.

*Judgment affirmed. Deen, J., concurs. Hall, J., concurs in Divisions 1 and 2 of the opinion and in the judgment of affirmance.*