41900. STATE HIGHWAY DEPARTMENT. v. KNOX.

EBERHARDT, Judge. 1. After verdict the evidence should be construed to uphold it. *Y.M.C.A. v. Bailey,* 112 Ga. App. 684, 690 (136 SE2d 324). Where an expert witness testifying as to the value of land taken did not specifically state that he was referring to the date of the taking in giving his opinion as to value, but in testifying located and identified the land on a plat of the proposed highway, stating that he was familiar with land values in that area, and with other transactions in that general area, the evidence should be construed to refer to the time of taking, and its admission was not error. Moreover, as an additional reason for so construing it, we note that there was other evidence in the record placing the value at the time of taking at an amount equal to or in excess of that stated by this expert.

In any event, the portion of the testimony describing the area in which the land is located relative to the availability of city water, its proximity to an airport, the beautification that had been accomplished on it, the presence of a nearby recreation area, etc., was relevant for consideration in determining the value as of the date of taking, for they obviously had not been matters appearing after the taking, and even if his evidence fixing value could not be construed to refer to the particular date of taking, an objection to the entire deposition or a motion to exclude it in its entirety must fail because some of the evidence was relevant and admissible. *Goddard v. Boyd,* 144 Ga. 18 (2) (85 SE 1013); *MacGregor v. Roux,* 198 Ga. 520 (2b) (32 SE2d 289); *State Hwy. Dept. v. Jackson,* 100 Ga. App. 704, 705 (112 SE2d 356), and citations.

2. Where counsel for the condemnee in his argument to the jury referred to the condemnee as a civic-minded man who had done much for the community and a motion for mistrial was made on the ground that the argument, wholly unsupported by evidence, was calculated to be prejudicial and harmful, and the court, overruling the motion, admonished the jury to disabuse their minds of the argument and give it no effect in their considerations, no error appears. *Southern Poultry Co. v. Fletcher*, 113 Ga. App. 374 (147 SE2d 870). There was no renewal of the motion, after overruling, and this enumeration of error raises no question for decision. *Kendrick v. Kendrick*, 218 Ga. 460 (4) (128 SE2d 496).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED APRIL 4, 1966—DECIDED APRIL 14, 1966—
REHEARING DENIED MAY 10, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, James H. Wood, Assistant Attorneys General, D. Field Yow, Lon L. Fleming, Deputy Assistant Attorneys General,* for appellant.

*Robert E. Knox, Warren D. Evans,* for appellee.