## 42095. STATE HIGHWAY DEPARTMENT v. EVANS.

HALL, Judge. The State Highway Department, as condemnor, appeals from a judgment based on a jury verdict establishing an award of compensation for property of condemnee taken pursuant to Ga. L. 1961, p. 517, as amended (*Code Ann.* § 36-1301 et seq.).

1. The trial court did not err in permitting certain cross examination of the condemnor's witness by the condemnee, when thereafter the court sustained the objection to the questioning and ruled out any response thereto and instructed the jury to disregard it, and the condemnor made no further objection, motion, or request for instruction. *Ivy v. State,* 220 Ga. 699, 703 (141 SE2d 541); *Livingston v. State,* 17 Ga. App. 136, 140 (86 SE 449); *Humphries v. Miller,* 66 Ga. App. 871, 873 (19 SE2d 321); *State Hwy. Dept. v. Edmunds,* 113 Ga. App. 550 (149 SE2d 182). Accord *Kendrick v. Kendrick,* 218 Ga. 460, 462 (128 SE2d 496); *State Hwy. Dept. v. Knox,* 113 Ga. App. 607 (149 SE2d 188).

2. Several enumerations of error complain of testimony and evidence of sales of other properties as not shown to be comparable to the condemnee's property. The sales in question were of properties adjacent to or in close proximity to the condemnee's property, and witnesses testified as to their similarities to and differences from the condemnee's property in size, location, characteristics, value and the time of sale. The trial court did not err in admitting evidence of these sales. *West v. Fulton County,* 95 Ga. App. 320, 321 (97 SE2d 785); *Georgia Power Co. v. Walker,* 101 Ga. App. 454, 457 (114 SE2d 159, 80 ALR2d 1264); *Fulton County v. Power,* 109 Ga. App. 783, 784 (137 SE2d 474); *Schrimsher v. State Hwy. Dept.,* 110 Ga. App. 705, 707 (140 SE2d 64); *State Hwy. Dept. v. Rutland,* 112 Ga. App. 792, 794 (146 SE2d 544).

3. The trial court did not err in overruling the condemnor's motion to exclude the testimony of a witness with reference to the value of the land taken, on the ground that the witness' testimony on cross examination impeached his testimony as to value given on direct examination. *Southern R. Co. v. Richardson,* 48 Ga. App. 25, 30 (172 SE 79); *State Hwy. Dept. v. Wells,* 102 Ga. App. 152, 154 (115 SE2d 585); accord *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824, 826 (140 SE2d 150).

4. The condemnor made a motion to exclude the testimony of Monroe Kimbrel, presented by deposition taken before the trial, on the ground that the witness' opinion of the value of the condemnee's property did not relate to the date of the taking. The trial court did not err in admitting the evidence. *State Hwy. Dept. v. Knox,* 113 Ga. App. 607, supra.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED JUNE 8, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 6, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, James H. Wood, Assistant Attorneys General, D. Field Yow, L. Clifford Adams, Deputy Assistant Attorneys General, Lon L. Fleming,* for appellant.

*Kenneth Goolsby, Randall Evans, Jr.,* for appellee.

